Milford District Court
No. 7161

STATE OF NEW HAMPSHIRE

v.

RANDY PAYNE

October 31, 1975

*Warren B. Rudman,* attorney general, and *Richard B. McNamara,* attorney appearing pursuant to Rule 23 *(Mr. McNamara* orally), for the State.

*Francis G. Holland,* and *William E. Aivalikles (Mr. Aivalikles* orally) for the defendant.

GRIMES, J. The question in this case is whether imprisonment and fine in excess of $100 may be imposed for a violation of RSA 262-A:61 (Supp. 1973) (Reckless Operation of a Motor Vehicle) when death does not result.

Defendant was convicted of reckless driving pursuant to RSA 262-A:61 (Supp. 1973) and was sentenced to pay a fine of $200 with a sixty-day loss of license, and sixty days in the house of correction suspended upon payment of the fine. Defendant made timely objection to the imposition of the house of correction sentence and the fine in excess of $100. The questions of law raised were transferred by *Velishka,* J.

RSA 262-A:61 (Supp. 1973) as amended to become effective November 1, 1973 by Laws 1973, 129:1 is entitled "Reckless Operation; Minimum Penalty" and provides in part as follows: "Whoever upon any way operates a vehicle recklessly . . . shall be, notwithstanding the provisions of Title LXII, fined not less than one hundred dollars nor more than five hundred dollars and his license shall be revoked for a period of sixty days on the first offense . . . ." It then provides that if death results, a person convicted shall be guilty of a class B felony.

Title LXII is the new Criminal Code which also became effective November 1, 1973. RSA 625:9 of that Code provides that the classifications set up in that section govern the "classification of every offense, whether defined within this code or by any other statute." Subsection V provides: "A violation is an offense so designated by statute within or outside this Code and, except as provided in this paragraph, any offense defined outside this Code for which there is no other penalty provided other than a fine or fine and forfeiture or other civil penalty."

The State argues that the statutes should be construed in such a way as to make reckless operation of a motor vehicle a misdemean-

or and thus make it punishable by "imprisonment not to exceed one year." RSA 651:2 II (c). It is suggested that RSA 262-A:61 (Supp. 1973) is entitled "Minimum Penalty" and therefore does not prohibit the imposition of greater penalties than are there provided.

The State further argues that since the origin of the statute in 1911 up to the amendment in 1973, there has been provision for penalties which included up to six months imprisonment as well as a fine. It is also brought to our attention that RSA 631:3 makes it a misdemeanor if a person "recklessly engages in conduct which places or may place another in danger of serious bodily injury." This, it is argued, is inconsistent with RSA 262-A:61 (Supp. 1973) unless it is construed to create a misdemeanor. The State also argues that since RSA 262-A:61 (Supp. 1973) provides for a fine in excess of what is authorized by RSA 651:2 IV (a) for a violation, the offense is a misdemeanor.

We reject these and the other arguments of the State and hold that the imprisonment portion of the sentence in this case was not authorized.

The real issue is whether the imprisonment and fine in excess of $100 may be included as part of the sentence. The question of whether the offense is a violation or a misdemeanor is relevant only as it bears on that issue.

One thing is clear: Imprisonment is not authorized by RSA 262-A:61 (Supp. 1973) itself. When the statute was amended by Laws 1973, 129:1, the previous provision authorizing imprisonment was omitted while the maximum fine was increased from one hundred to five hundred dollars. Imprisonment may be imposed, therefore, only if in some way title LXII furnishes the authority. Title LXII became effective on the same day as the amendment to RSA ch. 262-A (Supp. 1973), and it is clear that the legislature was aware of the new code when it adopted that amendment. Section 2 of chapter 262-A had previously provided that offenses created by the chapter were misdemeanors. By Laws 1973, 529:47 effective one minute before the Criminal Code became effective, this was changed to read "unless otherwise declared *in this chapter* with respect to particular offenses, any person who commits any act forbidden or fails to perform any act required in this chapter, shall be guilty of a *violation.*" (Emphasis added.) RSA 262-A:2 (Supp. 1973).

By the 1973 amendment to § 61, if death results from reckless operation, it is made a class B felony under the code. Reckless operation without death resulting was not, however, declared to be a misdemeanor. The specific declaration relative to the felony in the

same section indicates that the failure to declare the crime here involved to be a misdemeanor was deliberate.

The fact that imprisonment is provided for reckless conduct generally under the Code does not prevent the legislature from declaring different penalties for reckless driving not resulting in death. Nor does it authorize us to rewrite the statute to uphold the sentence in this case.

We reject, however, the defendant's contention that the $200 fine was not authorized because RSA 651:2 IV (a) limits the fines for violations to one hundred dollars. The "notwithstanding" clause of RSA 262-A:61 (Supp. 1973) prevents the fines provided for therein from being limited by title LXII.

It follows that the imprisonment portion of the sentence is vacated while the balance of the sentence may stand.

*Exception sustained in part and overruled in part; remanded.*

All concurred.