Rockingham
No. 2003-290

## SANBORN REGIONAL SCHOOL DISTRICT

### v.

### THE BUDGET COMMITTEE OF THE SANBORN REGIONAL SCHOOL DISTRICT

Submitted: September 25, 2003
Opinion Issued: November 10, 2003

*Soule, Leslie, Kidder, Sayward & Loughman, PLLC*, of Salem (*Diane M. Gorrow* on the brief), for the petitioner.

*Sumner F. Kalman, Attorney at Law, P.C.*, of Plaistow (*Sumner F. Kalman* on the brief), for the respondent.

BRODERICK, J. The respondent, the budget committee of the Sanborn Regional School District (committee), appeals an order of the Superior Court (*Hollman*, J.) denying its motion for summary judgment and granting the motion for summary judgment filed by the petitioner, the Sanborn Regional School District (district). We affirm.

The parties agreed to the following facts. The district is a cooperative school district established under RSA chapter 195, consisting of the towns of Kingston and Newton. The district established the committee at its March 1997 meeting pursuant to RSA 32:14 (2000). The committee has eight members. Three members are elected from Kingston, three are elected from Newton, one is elected by and represents both towns, and one is appointed by and is a member of the district's school board.

On September 12, 2002, the committee voted to accept the resignation of Suzanne Ryan, a member elected from Newton, and to appoint Charles Melvin, Sr., of Newton to replace her. That evening, the school board representative on the committee notified the school board chairman of Ryan's resignation. Four days later, the school board chairman appointed Robert Bennett of Newton to replace Ryan. Both Melvin and Bennett took the oath of office.

The district petitioned the superior court to enjoin Melvin, or any future appointee of the committee, from filling committee vacancies. The district also sought a court order that the committee seat Bennett and remove Melvin. Finally, it requested a ruling that the committee's bylaw, pursuant to which Melvin had been appointed, was unlawful. The trial court granted a preliminary injunction in October 2002. In April 2003, the court denied the committee's summary judgment motion and granted the district's cross-motion for summary judgment upon the committee's requests for declaratory and permanent injunctive relief.

The sole issue on appeal is whether the committee or the district has the statutory authority to fill vacancies on the committee. To resolve this issue, we are guided by established principles of statutory construction.

We are the final arbiter of the meaning of a statute as expressed by the words of the statute itself and interpret it to lead to a reasonable result. *Winnacunnet Coop. Sch. Dist. v. Town of Seabrook*, 148 N.H. 519, 524 (2002). We do not examine a particular statutory provision in isolation, but read it in concert with all associated sections. *Id.* When examining the words in a statute, we ascribe to them their plain and ordinary meanings. *Id.* at 524-25. When the language of a statute is plain and unambiguous, we do not look beyond it for further indications of legislative intent. *Matarese v. N.H. Mun. Assoc. Prop.-Liab. Ins. Trust,* 147 N.H. 396, 401 (2002). "When interpreting two statutes which deal with a similar subject matter, we ... construe them so that they do not contradict each other, and so that they will lead to reasonable results and effectuate the legislative purpose of the statute." *Pennelli v. Town of Pelham*, 148 N.H. 365, 366 (2002) (quotation omitted). Moreover, in the case of conflicting statutory provisions, the specific statute controls over the more general statute. *Appeal of Plantier*, 126 N.H. 500, 510 (1985).

The committee argues that it had the authority to fill the vacancy under RSA chapter 32. RSA chapter 32 pertains to municipal budget committees, and applies "to all towns, school districts, cooperative school districts, village districts, and any other municipal entities, ... which adopt their budgets at an annual meeting of their voters." RSA 32:2 (2000). RSA 32:15 (2000), which concerns the membership of budget committees, applies "only in those towns or districts adopting that subdivision pursuant to RSA 32:14, I." RSA 32:2. It is undisputed that the district's voters established the committee in 1997 pursuant to RSA 32:14, I.

RSA 32:15, VII pertains to vacancies. It provides, in pertinent part:

> In municipalities where members-at-large are appointed, the chair shall notify the moderator immediately upon the occurrence

of any vacancy in the membership-at-large, and the vacancy shall be filled by appointment by the moderator within 5 days of such notification, otherwise by the budget committee. *In municipalities where members-at-large are elected, vacancies shall be filled by appointment by the budget committee.*

RSA 32:15, VII (emphasis added). The committee argues that because Ryan was an elected member-at-large, her vacancy was to be "filled by appointment by the budget committee." *Id.*

The district asserts that Ryan was not a member-at-large, because only one town, not both towns, elected her. The committee contends that Ryan was a member-at-large because RSA 32:15, I, provides that the committee must consist of "three to 12 members-at-large . . . and, if the municipality is a town, one member of the school board of each school district wholly within the town." Because Ryan was not a school board member, the committee reasons that she must have been a member-at-large. We assume, without deciding, that Ryan was a member-at-large.

The district counters that even if Ryan were a member-at-large, RSA 32:15, VII did not apply to filling her vacancy. The district argues that while RSA chapter 32 applies in some circumstances to the budget committees of cooperative school districts, it does not control post-election procedures, such as filling vacancies. The district asserts that, pursuant to RSA 195:12-a (1999), RSA chapter 671 governs filling committee vacancies.

RSA chapter 195 pertains specifically to cooperative school districts. RSA 195:12-a, entitled "Budget Committee," permits a cooperative school district to establish a budget committee "pursuant to RSA 32:14." RSA 195:12-a, I. It provides, in part, that "[s]uch cooperative school budget committee shall have the powers and duties of the municipal budget committee under the provisions of RSA 32 insofar as the budget for the cooperative school district is concerned and insofar as RSA 32 is applicable to the cooperative school budget." RSA 195:12-a, II.

RSA 195:12-a, I, states that the "terms of office and manner of election of members shall be determined in the same manner as for the cooperative school board." RSA chapter 671 governs the "terms of office and manner of election" of cooperative school board members. RSA 671:33 (Supp. 2002) pertains to vacancies. In pertinent part, it provides that:

> Vacancies occurring on the budget committee of a cooperative school district shall be filled by appointment made within 5 days by the moderator if the vacancy is called to the moderator's attention *or by the chairperson of the cooperative school board if*

*the vacancy is called to the chairperson's attention* or if the vacancy is that of a member appointed by the school board."

RSA 671:33 (emphasis added).

The district argues that because RSA chapter 195 deals specifically with cooperative school districts while RSA chapter 32 pertains more generally to municipal budget committees, RSA chapter 195 controls over conflicting provisions of RSA chapter 32. We agree. *See Appeal of Plantier*, 126 N.H. at 510. Because it conflicts with RSA 195:12-a, I, we conclude that RSA 32:15, VII does not pertain to filling vacancies on a cooperative school district budget committee. According to RSA 195:12-a, I, such vacancies are filled pursuant to RSA 671:33. Therefore, the school board, pursuant to RSA 671:33, had the authority to fill the vacancy occasioned by Ryan's resignation.

The committee asserts that RSA 671:33 applies only to budget committees formed before 1993. This argument lacks merit and warrants no further discussion. *See Vogel v. Vogel*, 137 N.H. 321, 322 (1993).

*Affirmed.*

BROCK, C.J., and NADEAU, DALIANIS and DUGGAN, JJ., concurred.