Littleton Family Division
No. 2003-248

IN RE JUVENILE 2003-248

Argued: February 5, 2004
Opinion Issued: April 19, 2004

*Dawnangela Minton,* assistant appellate defender, of Concord, on the brief and orally, for the appellant.

*Peter W. Heed,* attorney general (*Nicholas Cort,* assistant attorney general, on the brief and orally), for the State.

BRODERICK, C.J. The juvenile in this case appeals the order of the Littleton Family Division (*Cyr,* J.) retaining jurisdiction over her despite her revocation of consent to its extended jurisdiction. *See* RSA 169-B:4, V (Supp. 2003). We reverse.

The record supports the following facts. On March 22, 2002, the juvenile entered true pleas to delinquency petitions alleging aggravated felonious sexual assault and simple assault. On May 10, 2002, two days before turning seventeen, she consented to the court's extended jurisdiction, *see* RSA 169-B:4, II(b) (2002). On March 17, 2003, at a juvenile review hearing, she revoked her consent to extended jurisdiction, *see* RSA 169-B:4, IV(a), (e) (2002). The court, however, retained jurisdiction under RSA 169-B:4, V. Pursuant to that provision, it found, by clear and convincing evidence, that continued jurisdiction was necessary because the juvenile had no job and no place to reside, was in need of continued services and had pled true to a violent crime as defined under RSA 169-B:35-a, I(c) (2002). This appeal followed.

The juvenile argues that "[t]he plain language of RSA 169-B:4 indicates that if a court retains jurisdiction over a minor pursuant to her consent under paragraph [II], then paragraph [IV] controls the closure of their case." We agree.

> In matters of statutory interpretation, this court is the final arbiter of the intent of the legislature as expressed in the words of a statute considered as a whole. Although we look to the plain and ordinary meaning of the statutory language in determining

legislative intent, we will not read words or phrases in isolation, but in the context of the entire statute.

*Comeau v. Vergato,* 149 N.H. 508, 510 (2003) (quotation and citation omitted).

RSA chapter 169-B "is part of a comprehensive juvenile justice system that has as its primary concern the welfare of the child." *In re Eric C.,* 124 N.H. 222, 224 (1983). While a juvenile will generally leave the system at age seventeen, RSA 169-B:4 (Supp. 2003) identifies certain circumstances that permit the court to extend its jurisdiction over a juvenile until age twenty-one. *See* RSA 169-B:4.

In this case, the juvenile initially consented to extended jurisdiction under paragraph II of the statute. *See* RSA 169-B:4, II(b). She later revoked her consent under paragraph IV, which provides, in relevant part:

> The court shall close the case when the minor reaches age 17 or, if jurisdiction is extended pursuant to paragraph II, when:
>
> (a) The minor revokes the minor's consent in writing and such revocation has been approved by the court . . . .

RSA 169-B:4, IV (2002). The court must approve the revocation under subparagraph (a) if it finds that the juvenile, in seeking to do so, is acting intelligently, knowledgeably and in acceptance of the legal consequences. *See* RSA 169-B:4, IV(e).

The record indicates that the court assumed that the juvenile's revocation met the above standard, but that it retained jurisdiction under paragraph V, which provides, in relevant part:

> Notwithstanding paragraph III, when the court finds by clear and convincing evidence that closing the case would endanger the safety of the minor, any other person, or the community, or the court finds that there is a high probability that continued provision of treatment services is necessary to rehabilitate the minor, the court may retain jurisdiction over any minor:
>
> (a) Who has been found to have committed a violent crime as defined under RSA 169-B:35-a, I(c) . . . .

RSA 169-B:4, V (Supp. 2003).

■ The plain language of paragraph IV indicates that if a court retains jurisdiction over a case pursuant to a juvenile's consent under paragraph II, closure of the case is controlled exclusively by paragraph IV.

Paragraph IV uses the mandatory term "shall" in describing the circumstances when a court must close a case. The term "shall" is generally regarded as a command. *See In re Russell C.*, 120 N.H. 260, 264 (1980). Therefore, in this case, the statute required the court to close the case once the juvenile validly revoked her consent. Because the court, in retaining jurisdiction pursuant to RSA 169-B:4, V, assumed that the juvenile's revocation met the requirements of RSA 169-B:4, IV, the court erred when it failed to close her case pursuant to the plain language of paragraph IV.

Although paragraph V provides certain circumstances when a court may retain jurisdiction over a minor, its application is limited to circumstances involving paragraph III. If the legislature intended paragraph V to apply when a juvenile revoked consent pursuant to paragraph IV, the prefatory language of paragraph V could have been drafted accordingly. It is not our function, however, to redraft legislation to make it conform to an intention not expressed in the clear language of the statute. *See Russell C.*, 120 N.H. at 268.

*Reversed.*

NADEAU, DALIANIS and DUGGAN, JJ., concurred.