Sullivan
No. 2004-211

PETER FRANKLIN

v.

TOWN OF NEWPORT

Submitted: September 10, 2004
Opinion Issued: November 30, 2004

*Peter Franklin,* by brief, *pro se.*

*Gardner Fulton & Waugh P.L.L.C.,* of Lebanon (*Adele M. Fulton* on the brief), for the respondent.

BRODERICK, C.J. The petitioner, Peter Franklin, appeals orders of the Superior Court (*Morrill,* J.; *Brennan,* J.) denying his motion for summary judgment and granting the summary judgment motion of the respondent, the Town of Newport (Town), in his declaratory judgment action. We affirm.

The parties stipulated to the following facts. The Sullivan County Regional Refuse Disposal District (District) is a regional entity formed in 1981 pursuant to RSA chapter 149-L (repealed 1982) and RSA chapter 53-B (2003). The District, comprised primarily of Sullivan County municipalities, provides refuse disposal facilities for its member cities and towns. Under the terms of the Sullivan County Regional Refuse Disposal District Agreement (Agreement), each member municipality is entitled to a certain number of representatives on the District's governing body, the regional district committee (Committee). *See* RSA 53-B:6-a. The Agreement states that the Town's Board of Selectmen (Board) "shall . . . appoint[]" all representatives and alternates.

At a May 13, 2003 town meeting, the citizens of Newport approved an article instructing the Board to appoint the petitioner to the Committee "as a full voting member." At the Board's June 16, 2003 meeting, it appointed the town manager to this position, not the petitioner. Therefore, the petitioner asked the superior court to declare this appointment unlawful. The court granted the Town's summary judgment motion and denied the petitioner's.

On appeal, the petitioner raises two issues: (1) whether the Board had the authority to appoint the town manager to the Committee, despite the vote of the town meeting to appoint the petitioner; and (2) whether, consistent with RSA 37:9 (2000) (amended 2004), the town manager is permitted to serve simultaneously as the Town's representative to the District. We address each issue in turn. In doing so we assume, for the purposes of this appeal, that the petitioner has standing to raise these arguments because the Town does not contend otherwise. Although the petitioner briefly references RSA 669:8 (1996) (amended 2004) in his brief, he does not develop any argument regarding this statute and thus we decline to address it. *See Trachy v. LaFramboise*, 146 N.H. 178, 181 (2001).

RSA chapter 53-B governs solid waste management districts. In matters of statutory interpretation, this court is the final arbiter of the intent of the legislature as expressed in the words of a statute considered as a whole. *Nilsson v. Bierman*, 150 N.H. 393, 395 (2003). We begin by examining the language of the statute and ascribing the plain and ordinary meanings to the words the legislature used. *Id.* Although we look to the plain and ordinary meaning of the statutory language to determine legislative intent, we will not read words or phrases in isolation, but in the context of the entire statute. *In re Juvenile 2003-248*, 150 N.H. 751, 751-52 (2004). When the language of a statute is plain and unambiguous, we do not look beyond it for further indications of legislative intent. *Sanborn Regional Sch. Dist.*

*v. Budget Comm. of the Sanborn Regional Sch. Dist.*, 150 N.H. 241, 242 (2003). We review legislative history to aid our analysis where the statutory language is ambiguous or subject to more than one reasonable interpretation. *Appeal of Inter-Lakes Sch. Bd.*, 147 N.H. 28, 32 (2001). We construe all parts of a statute together to effectuate its overall purpose and avoid an absurd or unjust result. *Appeal of Estate of Van Lunen*, 145 N.H. 82, 86 (2000).

▪ Pursuant to RSA 53-B:6-a, a solid waste management district's "business affairs and actions . . . shall be conducted and governed pursuant to the terms, conditions, and provisions of its district agreement." RSA 53-B:6-a. Generally, the use of the word "shall" in a statutory provision is a command, requiring mandatory enforcement. *N.H. Dep't of Resources and Economic Dev. v. Dow*, 148 N.H. 60, 63 (2002). In context, the plain meaning of the word "governed" indicates that the district agreement directs and controls the actions and business affairs of a solid waste management district. WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 982 (unabridged ed. 2002) (defining "govern"). RSA 53-B:6-a, III requires such agreements to specify, among other items, "[t]he method of selection and method of removal of representatives to the district committee, whether by legislative or governing bodies." When we read these two provisions together, we conclude that, by law, the Agreement controls whether the Town's governing body (the Board) or its legislative body (the town meeting) has the authority to appoint Committee representatives.

▪ The Agreement provides that, "*All* representatives and alternates *shall* be appointed by the board of selectmen or city council." (Emphasis added.) The plain meaning of this is that every representative, whether full voting or alternate, *must* be appointed by a town's governing body (either the board of selectmen or city council). The Agreement does not grant appointing authority to a town's legislative body. In the context of this appeal, therefore, the Agreement grants the Board sole authority to appoint representatives to the Committee. Although the petitioner argues that the Board's authority is not exclusive, the Agreement's plain language refutes this assertion.

The petitioner also contends that the Agreement violates Part I, Article 8 and Part I, Article 37 of the State Constitution because it permits the Board to override the will of the people. Neither constitutional provision pertains to this appeal. Part I, Article 8 relates to the constitutional right to access to governmental proceedings and records; Part I, Article 37 relates to separation of powers between the three co-equal branches of

government. N.H. CONST. pt. I, arts. 8, 37. These are not issues in this appeal and the petitioner's arguments to the contrary are not persuasive.

The petitioner further argues that the appointment of the town manager violated RSA 37:9. RSA 37:9, entitled "Incompatibility of Offices," provides:

> The town manager during the time that he holds such appointment, may be manager of a district or precinct located wholly or mainly within the same town as hereinafter provided, and may be elected or appointed to any municipal office in such town or included district or precinct that would be subject to his supervision if occupied by another incumbent; but he shall hold no other public office except justice of the peace or notary public except as otherwise provided in RSA 37:16.

RSA 37:16 (2000) allows a town manager to hold the office of tax collector.

The petitioner argues that RSA 37:9 prevents a town manager from holding *any* other public office, except those the statute specifically lists. He contends that the use of the word "but" after the semicolon "indicates that the second section [of the statute] will consider any incompatibilities." He asserts that the use of the phrase "public office" in that section, instead of the phrase "municipal office," means that the statute applies to State and regional offices.

The Town counters that RSA 37:9 "only precludes a town manager from serving in another public office located wholly or mainly *within the same town*" unless that office would also be subject to his supervision. The Town asserts that because RSA 37:9 does not address service on regional or State committees, commissions or boards, such service is not precluded. While both interpretations of the statute are reasonable, when we view RSA 37:9 as a whole, we conclude that the Town's interpretation is correct.

The primary focus of RSA 37:9 is upon incompatible town offices. RSA 37:9 permits a town manager to be a manager of a district or precinct located within the same town. It also allows a town manager to be elected or appointed to town office, or an office in an included district or precinct, if that office would be under the town manager's supervision. Tax collector is the only other town office the statute permits a town manager to hold. *See* RSA 37:16. In addition, the statute permits a town manager to be either a notary public or justice of the peace. These offices have no geographical locus. Notary public and justice of the peace are not governmental offices; individuals with these positions are not municipal, State or regional government employees.

■ The phrase "no other public office" in the second clause of the statute must be read in conjunction with the phrase "municipal office" in the first clause. When the two phrases are read together, it becomes clear that, with the exception of the offices of notary public and justice of the peace, which have no geographic locus, the public offices to which the phrase "no other public office" refers are municipal, not State or regional. Accordingly, we conclude that the appointment of the town manager to be a full voting representative on the Committee did not violate RSA 37:9. We decline to entertain the petitioner's assertion on appeal that the District is not a regional entity as this conflicts with the facts to which he stipulated.

The subsequent legislative history of the statute supports our construction. Although not controlling, this subsequent history may be considered. *Supervisory Union 29 v. N.H. Dep't of Educ.*, 125 N.H. 117, 122 (1984). "[B]y permitting subsequent amendments to control the former meaning a great deal of uncertainty in the law is removed. And the legislature is probably in the best position to ascertain the most desirable construction." *Id.* (quotation omitted).

Effective July 2, 2004, RSA 37:9 was amended as follows:

> The town manager during the time that he or she holds such appointment, may be manager of a district or precinct located wholly or mainly within the same town, and may be elected or appointed to any municipal office in such town or included district or precinct that would be subject to his or her supervision if occupied by another incumbent; but he or she shall hold no other elected or appointed public office of the town except justice of the peace or notary public except as otherwise provided in RSA 37:16. Town managers may be appointed, subject to the approval of the governing body of the town, to regional or state boards, committees, or commissions provided there is no incompatibility with the duties described in this chapter.

Laws 2004, 55:1. The purpose of this amendment was to *clarify* office incompatibility for a town manager. *See* N.H.H.R. JOUR. 1161 (2004). With this amendment, the legislature has made clear that the statute does not necessarily preclude town managers from serving on regional or State boards, committees or commissions.

As the Board appointed the town manager in 2003, before RSA 37:9 was amended effective July 2, 2004, we do not address whether the appointment satisfies the amended statute. We also do not analyze whether the appointment violated the common law doctrine of incompatibility because the petitioner did not claim this before the trial

court or on appeal. *See Town of Littleton v. Taylor,* 138 N.H. 419, 423 (1994).

*Affirmed.*

NADEAU, DALIANIS, DUGGAN and GALWAY, JJ., concurred.