Hooksett District Court
No. 2007-822

THE STATE OF NEW HAMPSHIRE

v.

EVELYN BERNARD

Argued: September 11, 2008
Opinion Issued: November 6, 2008

*Kelly A. Ayotte*, attorney general (*Nicholas Cort*, assistant attorney general, on the brief and orally), for the State.

*Peter J. Leahy*, of Concord, by memorandum of law and orally, for the defendant.

## MEMORANDUM OPINION

DALIANIS, J. Pursuant to RSA 606:10 (2001), the State appeals an order of the Hooksett District Court (*LaPointe*, J.) dismissing a complaint against the defendant, Evelyn Bernard, for failure to obey a command at the scene of an emergency. *See* RSA 154:9 (2002). We reverse and remand.

The following allegations are undisputed on appeal. On April 16, 2007, at approximately 2:41 p.m., Chief Everett Chaput of the Allenstown Fire Department declared a state of emergency in portions of Allenstown that had become flooded. Chief Chaput instructed his officers to enforce a mandatory evacuation of the area, including the residential area in which the defendant lived. At around 7:15 p.m., the fire department called Allenstown Police Officer Joseph DeFeudis to assist them in evacuating the defendant and her husband.

When Officer DeFeudis arrived, Fire Officers Vincent Lembo and Ryan Fortin informed him that the defendant and her husband had indicated that they would not leave their residence. Officer DeFeudis then instructed the defendant to leave her home by boat. She became confrontational and indicated that she did not want to leave. When Officer DeFeudis informed the defendant that she would be arrested if she refused to cooperate, she told him to arrest her.

On September 11, 2007, the State filed a complaint, pursuant to RSA 154:9, alleging that the defendant had failed to obey a fire official's command at the scene of an emergency. Before trial, the State filed a motion *in limine* requesting that the trial court find that a flood constitutes an emergency under the applicable statutes. The defendant moved to dismiss the complaint on the ground that a flood is not an emergency. The trial court dismissed the complaint, and denied reconsideration.

We review the trial court's statutory interpretation *de novo. State v. Brown*, 155 N.H. 590, 591 (2007). In matters of statutory interpretation, we are the final arbiter of the legislature's intent as expressed in the words of the statute considered as a whole. *State v. Langill*, 157 N.H. 77, 84 (2008). When examining the language of a statute, we ascribe the plain and ordinary meaning to the words used. *Id.* We interpret legislative intent from the statute as written and will not consider what the legislature might have said or add language that the legislature did not see fit to include. *Id.* Further, we interpret a statute in the context of the overall scheme and not in isolation. *Id.* We do not consider legislative history to construe a statute that is clear on its face. *State v. Njogu*, 156 N.H. 551, 552 (2007).

RSA 154:7, II(b) (2002) provides:

> While any duly constituted fire department recognized by the state fire marshal is responding to . . . a fire, service call, or other emergency, the fire officer in charge shall have . . . the authority . . . [t]o order any persons to leave any building or place in the vicinity of such scene for the purpose of protecting such persons from injury or remove persons interfering with duties.

"Refusing or neglecting to obey the commands of . . . the fire department" at the scene of "a fire, emergency, or service call" is a violation. RSA 154:9.

The legislature defines "other emergency" to include "*any* other real emergency which does not directly involve the extinguishment of an actual fire." RSA 154:7, I(c) (emphasis added). The only exception involves propelled vehicle accidents. *Id.*

■ The plain meaning of the phrase "other emergency" includes floods. An emergency is "an unforeseen combination of circumstances or the resulting state that calls for immediate action," "a pressing need" or "a usu[ally] distressing event or condition that can often be anticipated or prepared for but seldom exactly foreseen." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 741 (unabridged ed. 2002). A flood meets this definition.

■ The defendant points out that, under RSA 644:2, IV, V(a)(3) (2007), a peace officer may not lawfully order a person to leave his or her own home during a flood. The defendant asks us to read the same language into RSA chapter 154 (2002 & Supp. 2008). However, RSA 154:7, II(b) specifically grants authority to a fire officer "[t]o order *any persons to leave any building.*" (Emphasis added.) Had the legislature intended to limit the authority of fire departments as it did with peace officers in RSA 644:2, it could have done so. Instead, the legislature chose to use broad language, and we will not read an exception into a statute that the legislature did not see fit to include. *See Langill*, 157 N.H. at 84.

*Reversed and remanded.*

BRODERICK, C.J., and DUGGAN, GALWAY and HICKS, JJ., concurred.