6th Circuit Court — Franklin Family Division
No. 2012-402

IN RE CODY C.

Submitted: April 11, 2013
Opinion Issued: July 16, 2013

*Michael A. Delaney*, attorney general (*Nicholas Cort*, assistant attorney general, on the brief), for the State.

*Christopher M. Johnson*, chief appellate defender, of Concord, on the brief, for the juvenile.

BASSETT, J. The juvenile, Cody C., appeals a decision of the 6th Circuit Court — Franklin Family Division (*Gordon*, J.) retaining jurisdiction over him until his eighteenth birthday. *See* RSA 169-B:4, V (Supp. 2012). We affirm.

The record supports, or the parties agree to, the following facts. The juvenile had been adjudicated delinquent on several occasions. Shortly before the juvenile's seventeenth birthday, the State moved, pursuant to RSA 169-B:4, V, to extend the court's jurisdiction until the juvenile's eighteenth birthday.

At a hearing on the motion, the juvenile argued that RSA 169-B:4, V cannot support the court's retention of jurisdiction. The court disagreed, ruling that paragraph V applied, and extended jurisdiction until the juvenile's eighteenth birthday. This appeal followed.

On appeal, the juvenile argues that the trial court erred in relying upon RSA 169-B:4, V to retain jurisdiction until his eighteenth birthday. He contends that the plain language of paragraph V "renders it applicable only in cases otherwise covered by RSA 169-B:4, III." We disagree.

We review the trial court's statutory interpretation *de novo. In re Kirsten P.*, 158 N.H. 158, 160 (2008). In matters of statutory interpretation, we are the final arbiters of the legislature's intent as expressed in the words of the statute considered as a whole. *Id.* When examining the language of the statute, we ascribe the plain and ordinary meaning to the words used. *Id.* We interpret legislative intent from the statute as written and will not consider what the legislature might have said or add language that the legislature did not see fit to include. *Id.*

RSA 169-B:4, V provides, in pertinent part:

> Notwithstanding paragraph III, when the court finds by clear and convincing evidence that closing the case would endanger the safety of the minor, any other person, or the community, or the court finds that there is a high probability that continued provision of treatment services is necessary to rehabilitate the minor, the court may retain jurisdiction over any minor:
>
> (a) Who has been found to have committed a violent crime as defined under RSA 169-B:35-a, I(c);
>
> (b) Who has been petitioned to the court on 4 or more occasions and adjudicated delinquent in 4 separate adjudicatory hearings which alleged misdemeanor or felony offenses; or
>
> (c) Who is subject to the jurisdiction of the court prior to the minor's seventeenth birthday and for whom the department has filed a motion with the court requesting that the court retain jurisdiction under this subparagraph . . . .

RSA 169-B:4, III provides, in pertinent part, that, at the request of the State, "the court may retain jurisdiction over the minor for a period of up to 2 years following the completion of any appeal if the petition was filed after the minor had attained the age of 16 years."

The juvenile argues that the legislature's use of "[n]otwithstanding paragraph III" in paragraph V limits paragraph V's application to cases otherwise covered by RSA 169-B:4, III. Because his case does not involve

an appeal and is not covered by RSA 169-B:4, III, the juvenile concludes that paragraph V does not apply. The State counters that the "notwithstanding" clause ensures the applicability of paragraph V, even when extended jurisdiction under paragraph III is unavailable.

■ "Notwithstanding" means, in relevant part, "in spite of." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1545 (unabridged ed. 2002). Thus, by utilizing the word "notwithstanding" in RSA 169-B:4, V, the legislature intended that paragraph V apply regardless of whether paragraph III is also applicable. This interpretation is consistent with how we have interpreted "notwithstanding" in other statutes. *See King v. Sununu*, 126 N.H. 302, 306-07 (1985) (holding that "notwithstanding" in statute dealing with distribution of sweepstakes revenue expressed legislature's intent that statute "take precedence" over a conflicting statute); *State v. Payne*, 115 N.H. 595, 596, 598 (1975) (holding that penalty provision of reckless operation statute stating "notwithstanding the provisions of Title LXII" prevented the fines provided for therein from being limited by Title LXII (quotation omitted)).

The juvenile argues that in *In re Juvenile 2003-248*, 150 N.H. 751 (2004), we adopted his interpretation of paragraph V. He is mistaken. The issue in that case was whether the trial court properly retained jurisdiction over a juvenile under paragraph V after the juvenile had exercised her rights under paragraph IV to revoke her consent to the court's continued jurisdiction over her. *In re Juvenile 2003-248*, 150 N.H. at 751. We held that "if a court retains jurisdiction over a case pursuant to a juvenile's consent under paragraph II, closure of the case is controlled exclusively by paragraph IV" and not by paragraph V. *Id.* at 752. In dicta, we stated that the "application" of paragraph V is limited to circumstances involving paragraph III. *Id.* at 753. We were not construing paragraph V for all purposes, but rather were reviewing it only in the narrow context of a case that was governed by paragraph IV. *See id.* at 752-53.

Were we to interpret RSA 169-B:4, V as suggested by the juvenile, we would severely limit the ability of trial courts to retain jurisdiction over the most at-risk minors, *i.e.*, those minors who have been found to have committed violent crimes or who have been repeatedly adjudicated delinquent, RSA 169-B:4, V (a), (b). Such an interpretation would contravene the purpose of RSA chapter 169-B, which is, "[c]onsistent with the protection of the public interest," to "promote the minor's acceptance of personal responsibility for delinquent acts committed by the minor, encourage the minor to understand and appreciate the personal consequences of such acts, and provide a minor who has committed delinquent acts with counseling, supervision, treatment and rehabilitation." RSA 169-B:1, II

(2002). Moreover, such an interpretation would not serve "[t]o encourage the wholesome moral, mental, emotional, and physical development of each minor coming within the provisions of this chapter, by providing the protection, care, treatment, counselling, supervision, and rehabilitative resources which such minor needs . . . ." RSA 169-B:1, I (2002). We, therefore, reject the juvenile's argument.

The juvenile argues that the rule of lenity requires us to construe the statute in his favor. We have previously noted that "[t]he rule of lenity serves as a guide for interpreting *criminal* statutes where the legislature failed to articulate its intent unambiguously." *In re Alex C.*, 161 N.H. 231, 239 (2010) (quotation and brackets omitted) (emphasis added). Even if we were to assume that RSA 169-B:4, V is a criminal statute, the rule of lenity would not apply here because the "notwithstanding" clause in RSA 169-B:4, V is not ambiguous. *See id.* at 239-40.

Therefore, for all the above reasons, we uphold the trial court's retention of jurisdiction over the juvenile until his eighteenth birthday.

*Affirmed.*

DALIANIS, C.J., and HICKS, CONBOY and LYNN, JJ., concurred.