Rockingham
No. 94-230

GARY DZIAMA, TRUSTEE OF THE
MALT HOUSE EXCHANGE REALTY TRUST

v.

CITY OF PORTSMOUTH

December 22, 1995

*Wholey and Pelech Law Office*, of Portsmouth (*Bernard W. Pelech* on the brief and orally), for the plaintiff.

*Kathleen M. Dwyer*, assistant city attorney, by brief and orally, for the defendant.

HORTON, J. The Superior Court (*Goode*, J.) dismissed the plaintiff's appeal from the denial by the City of Portsmouth Board of Adjustment (board) of his request for a special exception. The plaintiff, Gary Dziama, trustee of the Malt House Exchange Realty Trust, appeals from that dismissal. We vacate and remand.

In January 1993, the plaintiff sought a special exception under the City of Portsmouth Zoning Ordinance, section 10-1201 (1)(d)(2), to reduce by twenty-five percent the 306 parking spaces required for his commercial center. In March 1993, the board denied the plaintiff's application on procedural grounds because the parking issue had been the subject of a previous request to the board in September 1992. The plaintiff timely requested a rehearing, setting forth the grounds upon which he claimed the decision was unlawful. The motion was granted, and at the May 1993 rehearing, the board voted to deny the plaintiff's special exception application. This decision reached the merits. The plaintiff did not request a rehearing, but appealed to the superior court pursuant to RSA 677:4 (1986) (amended 1994). In January 1994, the superior court dismissed the appeal for "[f]ailure to file a motion for rehearing satisfying the requirements of [RSA 677:3, I (1986 & Supp. 1988) (amended 1994)] by motion seasonably filed, setting forth 'every ground' upon which the plaintiff claims the decision of the Portsmouth Board of Adjustment is unlawful or unreasonable." The plaintiff appeals, arguing that under *Shaw v. City of Manchester*, 118 N.H. 158, 160, 384 A.2d 491, 493 (1978) (decided under former RSA 31:74, :75, :77 (Supp. 1975)), he was not required to file a second request for rehearing since the result of the rehearing was the same as the board's original decision.

RSA 677:3, I (1986 & Supp. 1988) conditions an appeal to the superior court upon the filing of a motion for rehearing:

> No appeal from any order or decision of the zoning board of adjustment or the local legislative body shall be taken unless the appellant shall have made application for rehearing as provided in RSA 677:2; and, when such application shall have been made, no ground not set forth in the application shall be urged, relied on, or given any consideration by a court unless the court for good cause shown shall allow the appellant to specify additional grounds.

The motion must be made "[w]ithin 20 days after any order or decision of the zoning board of adjustment" and must state "the ground therefor." RSA 677:2 (1986 & Supp. 1988) (amended 1994).

The board initially denied the plaintiff's application because the "request was similar to a previous application that [the plaintiff] presented to this Board on September 22, 1992[,] which was denied." This was a procedural denial pursuant to *Fisher v. City of Dover*, 120 N.H. 187, 191, 412 A.2d 1024, 1027 (1980), and did not reach the merits. The plaintiff's motion for rehearing alleged errors of law only with respect to the board's application of *Fisher v. City of Dover*.

■ "The statutory scheme is based upon the principle that the local board should have the first opportunity to pass upon any alleged errors in its decisions so that the court may have the benefit of the board's judgment in hearing the appeal." *Fisher v. Town of Boscawen*, 121 N.H. 438, 440, 431 A.2d 131, 132 (1981) (decided under former RSA 31:74-:76 (Supp. 1979)). RSA 677:3, I (1986 & Supp. 1988) specifically states that "no ground not set forth in the application shall be . . . given any consideration by a court." Therefore, even if we assume that the plaintiff's rehearing motion satisfied the timing requirements of RSA 677:2, absent a motion for rehearing setting forth alleged errors with respect to the board's decision on the merits, only the *Fisher v. City of Dover* issue could have been addressed by the court. This issue was ultimately decided in the plaintiff's favor. We hold that the trial court properly found that the plaintiff failed to meet the statutory prerequisite to an appeal to the court. We note that the board's decision on the merits advised the plaintiff "that under NH RSA 677:2 any person or party to the action or proceeding of the Board of Adjustment may ask for a rehearing within twenty days of the decision."

The plaintiff argues that a second request for rehearing is not required when the board's original decision does not change upon rehearing. In *Shaw v. City of Manchester*, 118 N.H. at 160, 384 A.2d at 493, we stated:

> [T]he order . . . was itself the result of a rehearing. However, that rehearing was at the request of [the plaintiff below] and resulted in a new order making [the intervenor below] an aggrieved party. This triggered the need for [the intervenor below] to apply for a rehearing as a precondition to appeal. This does not mean, as defendants suggest, that boards of adjustment will be forced to consider an endless series of rehearing applications, for *it is only when the board reverses itself at a rehearing—thus creating new*

*aggrieved parties—that the [predecessor to RSA 677:3] comes into play.*

*Id.* (emphasis added).

■ *Shaw* recognizes that when the bases for aggrievement do not change following the decision upon rehearing and are set forth in the original motion for rehearing, a second rehearing application is not necessary. However, *Shaw* also arguably restricts the application of the rehearing statute to reversals on rehearing that create new aggrieved parties. To the extent that it does, we clarify it. There are circumstances under which the board's decision upon rehearing creates a new aggrievement without creating new aggrieved parties. In the present case, a procedural decision was reversed, and the board then issued a decision on the merits consistent with the procedural result. The aggrieved party remained the same, but following the decision upon rehearing, it was aggrieved by a substantive issue rather than a procedural issue. A similar situation would have occurred if the board's original decision had been a denial on the merits based on one issue, and following rehearing, the board had admitted its error as to that issue but had denied the petition on the merits based on a new second issue.

We hold that RSA 677:3 requires the aggrieved party to file a new motion for rehearing that raises any new issues that are thrust upon the appealing party under such circumstances. To hold otherwise would deny the board an opportunity to correct its errors and would limit the court to consideration of the errors alleged in the original rehearing motion. *See* RSA 677:3, I (1986 & Supp. 1988); *Fisher v. Town of Boscawen*, 121 N.H. at 440, 431 A.2d at 132; *but cf. Petition of Ellis*, 138 N.H. 159, 160-61, 636 A.2d 62, 63 (1993) (additional relevant case law is not reason to file second motion for rehearing under parallel procedure set forth in RSA chapter 541).

■ In light of the plaintiff's reasonable reliance upon *Shaw*, however, we conclude that our holding should be prospective in that the plaintiff should be permitted additional time in which to move for rehearing before the board. *Cf. Wood v. Gen. Elec. Co.*, 119 N.H. 285, 288-89, 402 A.2d 155, 157 (1979) (justice better served by prospective application of time guideline of former RSA 281:37, I, to future certiorari petitions under the workers' compensation statute). Consequently, we vacate and remand to the superior court with instructions to remand to the board to allow the plaintiff twenty days in which to file a motion for rehearing. The twenty-day period

shall commence upon the date of the clerk's written notice of the superior court's remand order.

*Vacated and remanded.*

BRODERICK, J., did not sit; the others concurred.