Hillsborough-northern judicial district
No. 2003-554

RICHARD H. PELLETIER

v.

CITY OF MANCHESTER

Argued: February 4, 2004
Opinion Issued: March 26, 2004

*Bossie, Kelly, Hodes, Buckley & Wilson, P.A.*, of Manchester (*David E. LeFevre* on the brief and orally), for the plaintiff.

*City Solicitor's Office*, of Manchester (*Daniel D. Muller, Jr.* on the brief and orally), for the defendant.

DUGGAN, J. The plaintiff, Richard H. Pelletier, appeals an order of the Superior Court (*Lynn*, J.) granting the defendant City of Manchester's (city) motion to dismiss. We affirm.

The plaintiff owns a three-family residential dwelling in Manchester. On November 6, 2002, he filed an application with the Manchester Zoning Board of Adjustment (ZBA) for a variance to make improvements to the dwelling. On December 5, 2002, the ZBA denied his application.

On December 30, 2002, the plaintiff filed a motion for rehearing with the ZBA. The motion for rehearing was granted and, on February 6, 2003, a public hearing was held. At the hearing, the ZBA again denied the request for a variance.

On March 10, 2003, the plaintiff filed a second motion for rehearing. The request for rehearing was denied and the plaintiff appealed to the superior court.

The city moved to dismiss the appeal on the grounds that the second motion for rehearing was not filed within thirty days of the ZBA's vote to deny the variance application and was, thus, not timely under RSA 677:2 (Supp. 2003). The superior court granted the motion, stating that "RSA 677:2 specifically states that counting the 30 day period is to begin with the date upon which the board voted."

On appeal, the plaintiff argues that, pursuant to RSA 677:2 and RSA 21:35 (2000), the thirty-day time period for filing a motion for rehearing does not include the day the ZBA voted to deny the variance application and, thus, the motion was timely filed. We disagree.

The question presented by this appeal is one of statutory interpretation. We are the final arbiter of the intent of the legislature as expressed in the words of a statute considered as a whole. *Phetteplace v. Town of Lyme*, 144 N.H. 621, 624 (2000). In interpreting a statute, we first look to the language of the statute itself, and, if possible, construe that language according to its plain and ordinary meaning. *Appeal of Northeast Rehab. Hosp.*, 149 N.H. 83, 85 (2003). Where the language of a statute is clear on its face, its meaning is not subject to modification. *Marcotte v. Timberlane/Hampstead School Dist.*, 143 N.H. 331, 337 (1999). Unless we find that the statutory language is ambiguous, we need not look to legislative intent. *Appeal of Town of Newington*, 149 N.H. 347, 352 (2003).

We review the trial court's interpretation of a statute *de novo*. *Monahan-Fortin Properties v. Town of Hudson*, 148 N.H. 769, 771 (2002).

In pertinent part, RSA 677:2 states:

> Within 30 days after any order or decision of the zoning board of adjustment ... any party to the action or proceedings ... may apply for a rehearing .... This 30-day time period shall be counted in calendar days beginning with the date upon which the board voted to approve or disapprove the application.

We hold that the language of RSA 677:2 is unambiguous. According to the plain language of the statute, the thirty-day time period begins to run on the date of the decision. *See* P. LOUGHLIN, NEW HAMPSHIRE PRACTICE, LAND USE PLANNING AND ZONING § 21.15, at 267 n.92 (2000). Here, beginning with the date of the ZBA's vote, February 6, 2003, the thirty-day time period ended on Friday, March 7, 2003. Thus, the plaintiff's motion, which was filed on March 10, 2003, was not timely filed.

The plaintiff relies upon RSA 21:35 to argue that the date upon which the ZBA voted to approve or disapprove the application is not included when counting the thirty-day time period. *See Miller v. Town of Tilton*, 139 N.H. 429, 430 (1995). We disagree.

RSA 21:35 states:

> Except where specifically stated to the contrary, when a period or limit of time is to be reckoned from a day or date, that day or date shall be excluded from and the day on which an act should occur shall be included in the computation of the period or limit of time.

According to RSA 21:35, the general rule for computing a time period does not apply if the statute in question specifically states a contrary rule. RSA 677:2 specifically states that the time period begins to run on the date of the ZBA's vote. Therefore, we conclude that the day of the ZBA's vote is included in computing the thirty-day time period. Thus, the plaintiff's motion for rehearing was not timely filed.

In reaching this conclusion, we also reject the plaintiff's argument that he was not required to exhaust his administrative remedies because he had previously filed a timely motion for rehearing. The December 5, 2002 decision denied the plaintiff's application on the procedural ground that it was a subsequent application to expand a non-conforming use. The February 6, 2003 decision, however, was a decision on the merits of the variance application.

A timely motion for rehearing "is a necessary prerequisite to maintenance of an appeal, and to the jurisdiction of the superior court on an appeal." *Keene v. Zoning Bd.*, 114 N.H. 744, 746 (1974). A party's failure to comply with this prerequisite cannot be waived. *See id.* Furthermore, an aggrieved party is required "to file a new motion for rehearing that raises any new issues." *Dziama v. City of Portsmouth*, 140 N.H. 542, 545 (1995).

Here, a second motion for rehearing was required because new issues were addressed in the board's February 6, 2003 decision that were not present in the December 5, 2002 decision. To hold otherwise would deny the board an opportunity to correct its errors. *See id.* Accordingly, the trial court properly granted the city's motion to dismiss.

*Affirmed.*

NADEAU and DALIANIS, JJ., concurred.