Rockingham
No. 2003-690

THOMAS IRELAND

v.

TOWN OF CANDIA

Argued: March 11, 2004
Opinion Issued: May 17, 2004

*Prunier, Leonard & Prolman, P.A.*, of Nashua (*Andrew A. Prolman* on the brief and orally), for the plaintiff.

*Upton & Hatfield, LLP*, of Concord (*Barton L. Mayer* on the brief and orally), for the defendant.

BRODERICK, J. The plaintiff, Thomas Ireland, appeals an order of the Superior Court (*T. Nadeau*, J.) granting a motion to dismiss filed by the defendant, Town of Candia. We affirm.

The record supports the following facts. The plaintiff sought to subdivide a sixteen-acre parcel in Candia. To that end, he applied for two variances from the zoning board of adjustment (ZBA). On February 13, 2003, the ZBA voted to deny his application and on the following day issued a notice of decision.

The plaintiff filed a motion for rehearing on Monday, March 17, 2003. The ZBA initially granted it, but later denied it as untimely. The plaintiff appealed to the superior court, which granted the defendant's motion to dismiss because "[t]he plaintiff failed to file a motion for rehearing in a timely fashion, thus, the court lacks jurisdiction to hear the appeal." This appeal followed.

The plaintiff argues that he filed a timely motion for rehearing under RSA 677:2 (Supp. 2003) because "New Hampshire follows the general rule of time computation that where a terminal day of a deadline falls on a weekend or legal holiday, the required action is considered timely if filed on the following business day." We must first address, however, the effect of our recent decision in *Pelletier v. City of Manchester*, 150 N.H. 687 (2004).

In *Pelletier*, which involved the timeliness of a motion for rehearing under RSA 677:2, we held that RSA 677:2 was unambiguous and that "the day of the ZBA's vote is included in computing the thirty-day time period." *Pelletier*, 150 N.H. at 689; *see also* RSA 677:2 ("[t]his 30-day time period shall be counted in calendar days beginning with the date upon which the board voted to approve or disapprove the application"). Accordingly, because it is undisputed that the ZBA voted to disapprove the plaintiff's application on February 13, 2003, the plaintiff was required to file his motion for rehearing by Friday, March 14, 2003, and not the following Monday. Therefore, the plaintiff's motion was untimely irrespective of the rule he advocates, as the terminal day did not fall on a weekend or legal holiday. Because a timely motion for rehearing is a precondition to appealing a ZBA decision to the superior court, *see* RSA 677:3 (1996); *Shaw v. City of Manchester*, 118 N.H. 158, 160 (1978), dismissal of the plaintiff's appeal was required.

*Affirmed.*

DALIANIS, DUGGAN and GALWAY, JJ., concurred.