Carroll
No. 2004-453

VICKI A. MCDONALD

v.

TOWN OF EFFINGHAM ZONING BOARD OF ADJUSTMENT

Argued: January 12, 2005
Opinion Issued: May 6, 2005

*Cooper, Deans & Cargill, P.A.*, of North Conway (*Randall F. Cooper* and *Paul W. Mullen* on the brief, and *Mr. Cooper* orally), for the plaintiff.

*Upton & Hatfield, LLP*, of Concord (*Barton L. Mayer* and *Matthew R. Serge* on the brief, and *Mr. Serge* orally), for the defendant.

BRODERICK, C.J. This is an interlocutory appeal from an order of the Superior Court (*O'Neill*, J.) dismissing the appeal and related claims of the plaintiff, Vicki A. McDonald, from a zoning order of the defendant, Town of Effingham Zoning Board of Adjustment (ZBA). SUP. CT. R. 8. The superior court transferred the following questions:

> A. Did the Trial Court err in ruling in this appeal of denial from a Motion for Rehearing of a decision not to grant a variance that the applicant was procedurally obligated to file a second Motion for Rehearing challenging the ZBA's consideration of and reliance upon an additional reason for its underlying decision in denying the Motion for Rehearing.

B. Did the Trial Court err in ruling that the Petitioner, by failing to file the second Motion for Rehearing, was as well foreclosed from challenging either under federal (42 USC § 1983) or state constitutional law the decision of the Board as a violation of the applicant's right to due process of law by the ZBA providing the additional reason for its decision at its session to consider whether or not to grant a motion for rehearing.

C. Did the Trial Court err in ruling that the Petitioner, by failing to file the second Motion for Rehearing, was as well foreclosed from seeking damages for the regulatory taking of her land.

We reverse and remand.

We accept the facts as presented in this interlocutory transfer. *Cross v. Brown*, 148 N.H. 485, 485 (2002). McDonald owns one-quarter of an acre of land in the Town of Effingham (the town). The town's zoning ordinance requires a minimum lot size of two acres and specifies frontage and setback requirements (the ordinance). While McDonald's property was a "lot of record" which pre-existed the adoption of the ordinance, the application of the setbacks to the property would limit any structure on the lot to eight feet in depth and forty feet in width. McDonald, therefore, sought an area variance. At the public hearing on her application, McDonald offered evidence to the ZBA in support of her request, including a septic system construction permit approved by the New Hampshire Department of Environmental Services.

The ZBA denied her application, stating that "diminution in value of surrounding properties may result," and that:

a) granting the permit would be contrary to public interest, b) denial of the permit would not result in unnecessary hardship to the owner, c) by granting the permit, substantial justice would not be done, and d) the use is contrary to the spirit of the ordinance.

McDonald timely filed a motion for rehearing, which the ZBA denied. In doing so, the ZBA found that no new evidence was presented requiring any change in its earlier decision. It further concluded that McDonald never submitted the required "Standard Release Form for Protective Well Radii" with her variance application and that the proposed septic system for the lot was therefore "null and void." The "release form" ruling constituted an independent ground to deny the variance request and was not mentioned or discussed by the ZBA in its initial denial order.

McDonald appealed to the superior court, RSA 677:4 (Supp. 2004), contending that the ZBA's denials of her variance application and motion for rehearing were unreasonable and unlawful. She alleged that the ZBA: (1) violated her right to procedural due process by considering a new, substantive issue in response to her motion for rehearing; (2) violated her right to procedural due process by failing to provide a detailed basis for its findings; (3) denied her application based upon findings that were contrary to the evidence and the law; and (4) engaged in an unconstitutional regulatory taking by depriving her of all economically beneficial use of her land without providing her just compensation. She also sought damages under 42 U.S.C. § 1983.

The ZBA filed an answer and a counterclaim against McDonald for alleged zoning violations. It also moved to dismiss McDonald's appeal and related claims, contending that the superior court lacked jurisdiction because McDonald had not filed a second motion for rehearing with the ZBA. *See* RSA 677:3, I (1996). The superior court dismissed the case in reliance upon *Dziama v. City of Portsmouth*, 140 N.H. 542 (1995), ruling that:

> Because the purpose of a rehearing is to afford the ZBA the first opportunity to pass upon any alleged errors in its decision so that the court may have the benefit of the board's judgment in hearing the appeal, the Court cannot, under RSA 677:3, consider this appeal. Specifically, without the benefit of the ZBA's decision on a motion for rehearing, the Court cannot discern the impact the absence of a release form had on the ZBA's treatment of the petitioner's application for a variance when the release form was not discussed at all either during any of the hearings pertaining to the petitioner's application or in any decisions pertaining to same.

(Citations and quotations omitted.) McDonald's motion for reconsideration was denied. Because the ZBA's counterclaim against McDonald is still pending, this appeal was transferred on an interlocutory basis.

McDonald argues that she was not required to file a second motion for rehearing with the ZBA in order to perfect her appeal. She contends that because the ZBA identified a new ground supporting its denial of her variance request in its order on her motion for rehearing without affording her an opportunity to be heard, she was entitled to appeal directly to the superior court. *See* RSA 677:4. According to McDonald, before the ZBA chose to substantively modify the basis of its original decision to deny her

a variance by adding another dispositive ground, it should have granted her a rehearing. If, following the rehearing, the ZBA identified a new or additional basis for its decision, McDonald concedes that she would have been obligated to file a second motion for rehearing in accord with *Dziama* before taking an appeal to the superior court.

The ZBA responds that McDonald was required to file a second motion for rehearing challenging its additional ground for denying the variance before she could perfect her appeal. It urges us to follow *Dziama*, and preserve the established policy behind the rehearing process that permits the ZBA the first opportunity to review any errors it may have committed.

Whether McDonald was required to file a second motion for rehearing to perfect her appeal to superior court is controlled by statute. We review the superior court's interpretation of the applicable statutes *de novo*. *See Pelletier v. City of Manchester*, 150 N.H. 687, 689 (2004). "We are the final arbiter of the intent of the legislature as expressed in the words of a statute considered as a whole." *Id.* We "construe that language according to its plain and ordinary meaning," *id.*, being mindful, however, that "where the literal reading of a statutory term would compel an absurd result," we examine other indicia of legislative intent, *State v. Warren*, 147 N.H. 567, 568 (2002).

We turn first to the plain language of the applicable statutes. With respect to the ZBA rehearing process, "any party to the action or proceedings" has thirty days from any order or decision of the ZBA to "apply for a rehearing in respect to any matter determined in the action or proceeding . . . . " RSA 677:2 (Supp. 2004). A rehearing is not a matter of right, and may be granted by the ZBA when "in its opinion good reason" supports it. *Id.* When a rehearing is denied, the party aggrieved may, within thirty days, appeal to the superior court for determination of whether the order or decision of the ZBA was "illegal or unreasonable, in whole or in part." RSA 677:4; *see Hooksett Conservation Comm'n v. Hooksett Zoning Bd. of Adjustment*, 149 N.H. 63, 65 (2003). Unless the superior court finds "good cause," it may not consider any ground for appeal that was not first presented to the ZBA in a motion for rehearing. RSA 677:3, I. By requiring an aggrieved party to first file a motion for rehearing from an adverse zoning board decision before allowing an appeal to the superior court, RSA 677:2 is designed to give the ZBA an opportunity to correct any errors it may have made. *Dziama*, 140 N.H. at 544-45.

A literal reading of the rehearing and appeal statutes, RSA 677:2 and 677:4, would require a party in a case such as this one to simultaneously

pursue an appeal to the superior court from the initial variance denial once the rehearing request was rejected and a second motion for rehearing to challenge the issue that was newly raised by the ZBA in its decision denying the initial request for a rehearing. When the ZBA voted to deny McDonald's motion for rehearing, the thirty-day appeal period began to run. RSA 677:4. The ZBA, however, did not deny McDonald's rehearing request solely upon the grounds it identified in its original order but, in fact, added a new dispositive ground. To appeal this new issue, a literal reading of the rehearing statute would have required McDonald to file a second motion for rehearing with the ZBA. Because the new ground was independently dispositive of her variance application, McDonald's failure to file a second motion would effectively preclude her from challenging the denial of her variance application.

We conclude that a literal reading of the rehearing and appeal statutes, RSA 677:2 and 677:4, leads to absurd results, which were not intended by the legislature. It would be illogical and unduly cumbersome on the parties and the judicial process for a single variance matter to be simultaneously pending before two different tribunals: the superior court and the ZBA. Such a circumstance would undercut the policy favoring judicial economy that the legislature sought to promote when designing the rehearing and appellate process. The statutory scheme for zoning appeals to the superior court does not envision a bifurcated appeal process on a single variance denial, and we will not create one.

The case before us differs significantly from *Dziama*. In that case, the plaintiff's application for a special exception was denied on procedural grounds. *Dziama*, 140 N.H. at 543. The motion for rehearing was granted, and after another hearing was conducted, the application for special exception was denied on the merits. *Id.* The plaintiff appealed to the superior court without filing a second motion for rehearing. *Id.* We held that when a "decision upon rehearing creates a new aggrievement" or "raises any new issues," even if the result remains the same, the aggrieved party must file a second motion for rehearing to give the trial tribunal the opportunity to correct its error on the newly decided issues and to permit the superior court to consider on appeal the new issues decided after the original rehearing motion. *Id.* at 545. Although we concluded that a second motion for rehearing was required, only a single appeal to the superior court would have been required because the zoning board granted a rehearing before deciding new issues.

■ Unlike *Dziama*, in the case before us, the ZBA ruled on a new issue in its *denial* of the motion for rehearing. The vote to deny the motion for rehearing, though based in part upon an additional new ground, triggered the thirty-day appeal period under RSA 677:4. Because, by statute, the aggrieved party is required to pursue a motion for rehearing on any issue it later seeks to appeal and the appeal period runs from the date the ZBA votes to deny a motion for rehearing, we conclude that the statutory scheme does not anticipate that a zoning board will render new findings or rulings in the denial of a rehearing motion. Accordingly, we hold that when a ZBA denies a motion for rehearing, the aggrieved party need not file a second motion for rehearing to preserve for appeal any new issues, findings or rulings first raised by the ZBA in that denial order. When addressing such an appeal, the superior court may, at its discretion, stay the matter and remand to the ZBA for further hearing as necessary to resolve the appeal.

■ ■ A better practice for the ZBA to take when it identifies new grounds for its initial decision and intends to make new findings and rulings on them in response to a motion for rehearing would be for it to grant the rehearing motion without adding new grounds for denying the variance application. In keeping with *Dziama*, after the rehearing and new order, the aggrieved party would then need to file a motion for rehearing on all issues ruled upon, at that time, to preserve them for appellate review. We note, however, that the superior court may consider on appeal an issue not first set forth in a motion for rehearing under the "good cause" exception in RSA 677:3, I.

Accordingly, we reverse the dismissal of McDonald's appeal and related claims and remand to the superior court for further proceedings consistent with this opinion.

*Reversed and remanded.*

NADEAU, DALIANIS, DUGGAN and GALWAY, JJ., concurred.