Lebanon Family Division
No. 2007-217

### IN THE MATTER OF LISA M. MARTIN AND JAMES A. MARTIN

Argued: February 13, 2008
Opinion Issued: March 13, 2008

*Wiggin & Nourie, P.A.*, of Manchester (*Gary M. Burt* and *Heather E. Krans* on the brief, and *Mr. Burt* orally), for the petitioner.

*Clauson, Atwood & Spaneas*, of Hanover (*K. William Clauson* on the brief and orally), for the respondent.

GALWAY, J. The petitioner, Lisa M. Martin, appeals an order of the Lebanon Family Division (*Cyr*, J.) denying her motion to modify a child support order. We reverse and remand.

The following relevant facts appear in the record. In July 2001, the petitioner filed for divorce from the respondent, James A. Martin. In October 2001, the trial court issued a temporary divorce decree ordering the respondent to pay $1500 per month in child support.

On November 30, 2003, the trial court ordered in a final divorce decree that the respondent pay $2065 per month in child support, among other things. On December 11, 2003, the trial court issued a notice of that decree

to the parties. The parties filed timely cross-appeals from the final divorce decree to this court. The respondent appealed the trial court's determinations of the value of his business and the manner in which each party's interest in the business was to be apportioned. The petitioner cross-appealed the trial court's determination of the respondent's income for child support and alimony.

During the appeal, the respondent paid child support in accordance with the temporary divorce decree. *See In the Matter of Nyhan &. Nyhan,* 151 N.H. 739, 745 (2005) ("in the event of a timely appeal, a final decree does not go to judgment and a temporary decree remains in effect"). On May 23, 2006, we vacated and remanded the trial court's determinations regarding the valuation of the respondent's business and the manner in which each party's interest in the business was to be apportioned; we affirmed the trial court's determinations of the respondent's income for child support and alimony.

On December 4, 2006, the trial court issued an order on remand regarding the valuation of the respondent's business and the manner in which each party's interest in the business was to be apportioned. The trial court did not issue any further orders regarding child support.

Following the order on remand, the petitioner moved to modify the respondent's child support obligations, arguing that in accordance with RSA 458-C:7 (amended 2004), she was statutorily entitled to a review of the child support order because three years had passed since the entry of the last child support order on December 11, 2003. The respondent moved to dismiss, arguing that the petitioner was not entitled to a three-year review. The respondent contended that because the temporary support order had remained in effect while the appeal was pending, the order issued on December 11, 2003, had not been in effect for three years.

The trial court denied the petitioner's motion for a child support modification pursuant to RSA 458-C:7, noting that the parties' cross-appeals of the final divorce decree prevented the child support order from going to judgment. The trial court reasoned that while three years had elapsed since the issuance of the last child support order on December 11, 2003, the order had not become effective and enforceable until January 3, 2007, after the trial court issued its final order on remand. This appeal followed.

The sole issue for our review is whether the trial court erred in denying the petitioner's motion for a child support modification pursuant to RSA 458-C:7. This issue presents a question of statutory interpretation. The interpretation of a statute is a question of law, which we review *de novo. State v. Boulais,* 150 N.H. 216, 218 (2003). In matters of statutory interpretation, we are the final arbiter of the legislature's intent as

expressed in the words of the statute considered as a whole. *State v. Njogu*, 156 N.H. 551, 552 (2007). When examining the language of a statute, we ascribe the plain and ordinary meaning to the words used. *Id.* We do not consider words and phrases in isolation, but rather within the context of the statute as a whole. *Id.* This enables us to better discern the legislature's intent and to interpret statutory language in light of the policy or purpose sought to be advanced by the statutory scheme. *Id.*

RSA 458-C:7 reads, in relevant part:

> The obligor or obligee may apply to the court or, when the department of health and human services has issued a legal order of support pursuant to RSA 161-C, to the department, whichever issued the existing order, for modification of such order *3 years after the entry of the last order for support,* without the need to show a substantial change of circumstances.

(Emphasis added.) The respondent argues that the "entry of the last order for support" occurred when the original child support order, issued on December 11, 2003, became effective on January 3, 2007, following the trial court's order on remand. We disagree.

█ Although in dicta, we have previously interpreted the language of RSA 458-C:7 to mean that the "entry of the last order for support" occurs when the trial court issues the last order, and not when it becomes effective. In *In the Matter of Feddersen & Cannon*, 149 N.H. 194 (2003), for instance, we noted that under RSA 458-C:7, "[p]arties have the statutory right to seek review of the award [of child support] three years after its issuance or at any time based upon a substantial change of circumstances." *Id.* at 198. Similarly, in *In the Matter of Jerome & Jerome*, 150 N.H. 626 (2004), we stated that "RSA 458-C:7 grants parties the statutory right to seek review of an award three years after its issuance or at any time based upon a substantial change of circumstances." *Id.* at 632. Thus, the meaning of RSA 458-C:7 is that "entry of the last order for support" occurs on the date the trial court issues the last order for support and not the date when the order becomes effective subsequent to an appeal. *See* SUPER. CT. R. 74. Accordingly, a party may seek modification of a child support order without the need to show a substantial change of circumstances three years after the last order is issued, regardless of when it ultimately became effective.

The legislative history supports our interpretation of RSA 458-C:7. RSA 458-C:7 was intended to provide for modification of a child support order on a "regular basis every three years." SENATE COMM. ON JUDICIARY, HEARING ON HB 406 (May 1, 1991). At the May 1, 1991 committee hearing

on this bill, Representative Susan Spear stated that RSA 458-C:7 "allows a party to petition the court for a modification of a child support order after at least three years have elapsed since the last order or modification was issued." *Id.* The legislative history of RSA 458-C:7 demonstrates that the legislature intended to allow individuals to receive a review of a child support order three years after the court issues the order and not three years after it becomes effective.

In this case, the entry of the last order of support occurred on December 11, 2003, the date the trial court issued the last order of support. Therefore, under RSA 458-C:7, the petitioner was entitled to a three-year review of the child support order on December 11, 2006. Since she filed her petition for review on December 21, 2006, more than three years after the last order was issued, she was entitled to a review without the need to show a substantial change of circumstances. Accordingly, we hold that the trial court erred by denying the petitioner's motion for a child support modification.

*Reversed and remanded.*

BRODERICK, C.J., and DALIANIS and DUGGAN, JJ., concurred.