Hillsborough-northern judicial district
No. 2007-682

ELMER E. CHESLEY

v.

HARVEY INDUSTRIES, INC.

Submitted: March 27, 2008
Opinion Issued: April 22, 2008

*Joseph Kelly Levasseur*, of Manchester, on the brief, for the plaintiff.

*Bouchard, Kleinman & Wright, P.A.*, of Hampton (*Kenneth G. Bouchard* on the brief), for the defendant.

DUGGAN, J. The plaintiff, Elmer E. Chesley, appeals a decision of the Superior Court (*McGuire*, J.) dismissing his civil action against the defendant, Harvey Industries, Inc., for failure to file within the three-year statute of limitations. *See* RSA 508:4 (1997). We reverse and remand.

Because this case was decided on a motion to dismiss, we assume the facts alleged in the plaintiff's writ to be true. *See Donnelly v. Eastman*, 149

N.H. 631, 632 (2003). On December 5, 2003, the plaintiff purchased a ladder from the defendant. The same day, as the plaintiff was using the ladder, "one of the ladder stabilizer bars inexplicably broke," causing the plaintiff to fall and injure his left ankle.

On December 5, 2006, the plaintiff filed a six-count writ alleging various theories of liability and seeking damages from the defendant. The defendant moved to dismiss, arguing that the claims were barred by the three-year statute of limitations. *See* RSA 508:4. Specifically, the defendant contended that the writ was not filed "within 3 years of the act or omission complained of" and was, thus, barred. *Id.* The trial court agreed and granted the motion.

On appeal, the plaintiff argues that he filed the writ "within" three years of the allegedly tortious conduct. He further asserts that if RSA 21:35 (2000) is applied to the calculation of the three-year period, his writ was timely filed because the "within three years" time period does not include the day the incident occurred. Finally, he argues that the trial court erred by not waiving Superior Court Rule 2, which deems a case to commence on the date of service of the writ or date of entry, whichever occurs first.

The defendant argues, first, that this appeal should be dismissed because the plaintiff failed to file certain documents with this court, and, second, that the trial court correctly dismissed the writ as untimely filed.

We first consider the defendant's argument that the appeal should be dismissed because the plaintiff failed to comply with Superior Court Rule 13. Under Rule 13(2), "[t]he moving party [is] responsible for ensuring that all or such portions of the record relevant and necessary for the court to decide the questions of law presented by the case are in fact provided to the supreme court." SUP. CT. R. 13(2). Failure to comply with the rule may result in dismissal. *Id.*; *cf. Bean v. Red Oak Prop. Mgmt.*, 151 N.H. 248, 250 (2004) (where plaintiff failed to provide transcript and argued evidence was insufficient, lack of transcript required court to assume evidence was sufficient to support result reached by trial court).

■ Here, the appendix to the plaintiff's brief contains three motions the plaintiff filed in the trial court and the trial court order dismissing his writ. The defendant notes that the plaintiff has not included the original writ or any pleading filed by the defendant, including the defendant's motion to dismiss. While we agree with the defendant that the plaintiff's failure to file certain documents, particularly the original writ and the defendant's motion to dismiss, was not sound practice, we conclude that the record he did file is adequate for us to decide the issues presented. The facts alleged

in the writ and arguments of the parties can be gleaned from the trial court's order. We thus reject the defendant's argument that the appeal should be dismissed.

We now address whether the plaintiff's writ was timely filed. Resolution of this issue requires us to interpret RSA 508:4 and RSA 21:35. In matters of statutory interpretation, we are the final arbiter of the legislature's intent as expressed in the words of the statute considered as a whole. *In the Matter of Martin & Martin*, 156 N.H. 818, 819-20 (2008). When examining the language of a statute, we ascribe the plain and ordinary meaning to the words used. *Id.* at 820. We do not consider the words and phrases in isolation, but rather within the context of the statute as a whole. *Id.* We review the trial court's interpretation of a statute *de novo*. *Monahan-Fortin Properties v. Town of Hudson*, 148 N.H. 769, 771 (2002).

█ RSA 508:4 provides, in pertinent part, "Except as otherwise provided by law, all personal actions . . . may be brought only within 3 years of the act or omission complained of." We strictly adhere to deadlines when assessing compliance with the statute of limitations. *Donnelly*, 149 N.H. at 634. The statute of limitations is an affirmative defense, and the defendant bears the burden of proving that it applies. *Id.* at 633.

The defendant argues that the trial court correctly dismissed this case because the plaintiff filed his writ on the anniversary date of the incident, one day too late, and therefore did not file "within three years" as required by the statute. *See* RSA 21:8 (2000) (providing that, unless otherwise expressed, the word "year" means a calendar year). We disagree.

█ Read in isolation, RSA 508:4 would indicate that a writ filed on the third anniversary date of an incident is not filed within three years of the incident. However, we do not read statutes in isolation, but rather within the context of the statutory scheme. *Martin*, 156 N.H. at 820. "This enables us to better discern the legislature's intent and to interpret statutory language in light of the policy or purpose sought to be advanced by the statutory scheme." *Id.*

█ As the plaintiff notes, RSA 21:35 provides:

> Except where specifically stated to the contrary, when a period or limit of time is to be reckoned from a day or date, that day or date shall be excluded from and the day on which an act should occur shall be included in the computation of the period or limit of time.

Thus, the "general rule" for computing a time period or limit is that the day of the incident is excluded. *See* RSA 21:35. However, this "general rule for

computing a time period does not apply if the statute in question specifically states a contrary rule." *Pelletier v. City of Manchester*, 150 N.H. 687, 689 (2004).

For example, in *Pelletier*, the plaintiff argued that pursuant to RSA 677:2 (Supp. 2005) and RSA 21:35, the thirty-day time period for filing a motion for a rehearing did not include the day the ZBA voted to deny a variance application. *Id.* at 688. When *Pelletier* was decided, RSA 677:2 read, in pertinent part:

> Within 30 days after any order or decision of the zoning board of adjustment : . . any party to the action or proceedings . . . may apply for a rehearing. . . . This 30-day time period shall be counted in calendar days beginning with the date upon which the board voted to approve or disapprove the application.

We held that "RSA 677:2 specifically state[d] that the time period begins to run on the date of the ZBA's vote." *Id.* at 689. Because the statute specifically stated a date to begin computing that was contrary to the general rule, the general rule did not apply and the date upon which the board voted was included in the thirty-day time period. *Id.*

■ Unlike RSA 677:2, RSA 508:4 does not contain a specific directive stating a day or date to begin computing the time period. RSA 508:4 states simply that all personal actions "may be brought only within 3 years of the act or omission complained of," without specifying when to begin calculating the three-year period. Therefore, the general rule in RSA 21:35 does apply, and the day upon which the incident occurred in computing the three-year period of time is excluded from the time limit. Here, the plaintiff's writ was timely filed on December 5, 2006, because, under RSA 21:35, the statute of limitations did not begin to run until the day after the incident, and December 5, 2006, is within three calendar years of December 6, 2003. *See* RSA 508:4; RSA 21:8.

The defendant relies upon *Donnelly* and *Provencal v. Vermont Mutual Insurance Co.*, 132 N.H. 742 (1990), to support his argument that the writ was untimely filed. The trial court also cited these cases and stated that although this Court had "not yet had the occasion to address whether a personal action brought on the third anniversary of the act or omission giving rise to the claim is time-barred, the language of [these] other decisions indicates that it is." We question whether the pertinent language in these opinions suggests that a personal action brought on the third anniversary of an incident would be time-barred by the statute of limitations. *See Donnelly*, 149 N.H. at 632; *Provencal*, 132 N.H. at 744.

In *Donnelly*, we explained that the plaintiffs' action was time-barred because "[t]he writ was not served upon the defendant, nor filed with the

court *prior to* the expiration of the statute of limitations on June 2, 2002," which was the third anniversary of the incident. *Donnelly*, 149 N.H. at 632 (emphasis added). In *Provencal*, we noted that "[o]n August 26, 1987, the sixth anniversary of the injury, the plaintiff had neither commenced legal proceedings on her claim nor accepted the defendants' offer" to settle the claim. *Provencal*, 132 N.H. at 744. The trial court erroneously interpreted the foregoing language to mean that a personal action is barred if not brought prior to the anniversary date of the injury. The cited language explicitly states that the statute of limitations expired *on* the anniversary date of the injury, thus including that day within the statute. Moreover, neither case examined RSA 21:35, which requires the statute of limitations for personal actions to begin running on the day after the incident. Accordingly, neither case alters our conclusion that the plaintiff timely filed his writ.

Because we hold that the writ was timely filed, we need not address the plaintiff's final argument.

*Reversed and remanded.*

BRODERICK, C.J., and DALIANIS, GALWAY and HICKS, JJ., concurred.