Cheshire
No. 2007-849

CARDINAL DEVELOPMENT CORPORATION

v.

TOWN OF WINCHESTER ZONING BOARD OF ADJUSTMENT

Argued: September 17, 2008
Opinion Issued: October 8, 2008

*Lane & Bentley, P.C.*, of Keene (*Michael P. Bentley* on the brief and orally), for the petitioner.

*Upton & Hatfield, LLP*, of Concord (*Barton L. Mayer* on the brief and orally), for the respondent.

HICKS, J. The petitioner, Cardinal Development Corporation (Cardinal), appeals an order of the Superior Court (*Arnold*, J.) dismissing its appeal from the Winchester Zoning Board of Adjustment (ZBA) for lack of jurisdiction, due to the untimely filing of a motion for reconsideration. We affirm.

The record supports the following relevant facts. On November 28, 2006, Cardinal applied to the ZBA for a special exception to excavate loam, sand, gravel and stone. The ZBA held a hearing and denied the application on January 4, 2007. Cardinal then had thirty days, beginning the following day, to move for rehearing before the ZBA. *See* RSA 677:2, :3 (2008). It is unclear whether Cardinal's counsel was under the impression that the motion for rehearing was due on Friday, February 2, or, as the superior court later concluded, on Monday, February 5. However, on February 5, Cardinal's counsel called the ZBA's land use assistant at her home around 5:10 p.m. to discuss filing a motion for rehearing. There is some dispute about what was said, but both parties agree that she provided counsel with the ZBA's facsimile number. Cardinal maintains that she advised its counsel that she would be at the town hall later that evening and would retrieve its faxed motion. The assistant, however, lacked any access to the fax machine after business hours. Cardinal then sent, via fax, a motion for rehearing at 5:50 p.m.

On March 1, 2007, the ZBA considered the motion, finding that it was untimely and, in addition, rejecting it on the merits. Cardinal appealed the ZBA's decision to the superior court. The superior court concluded that it lacked jurisdiction because Cardinal had failed to timely move for reconsideration in accordance with RSA 677:2. The court reasoned that RSA 677:2 was unambiguous and that the thirty-day period for filing began on January 5, 2007, the day after the ZBA voted. Accordingly, it found that the thirtieth day was February 3, 2007. Because that was a Saturday, it reasoned that Cardinal had until February 5, 2007, the following Monday, to file the motion. *See H I K Corporation v. Manchester*, 103 N.H. 378, 381 (1961) (excluding terminal day that fell on weekend in calculating time for filing motion for rehearing).

The court found that Cardinal's motion was untimely because it was faxed to the ZBA after the close of business on February 5, 2007, and, thus,

was not "filed" until February 6, 2007. Cardinal moved to reconsider. The superior court denied this motion, specifically rejecting the notion that, by providing a fax number, the ZBA was estopped from asserting the motion's untimeliness.

On appeal, Cardinal argues that the superior court improperly dismissed its appeal because its motion for rehearing was timely filed with the ZBA in accordance with RSA chapter 677. Cardinal maintains that it had until February 5, 2007, to move for rehearing. It further argues that the filing period does not end at 5:00 p.m. on the thirtieth day because no such deadline is mentioned in RSA 677:2. Thus, Cardinal maintains that the superior court impermissibly inserted such a requirement into the statute. Further, Cardinal asserts that its filing was timely because it was within thirty "days" of the ZBA vote. Cardinal construes a "day" as a twenty-four-hour period of time and asserts that its 5:50 p.m. filing was within thirty (twenty-four-hour) days of the 11:45 p.m. ZBA vote on January 4, 2007.

The ZBA does not dispute that Cardinal had until February 5, 2007, to file its motion for rehearing. The ZBA argues that, by faxing its motion after the close of business on February 5, 2007, Cardinal failed to properly "file" its motion in accordance with RSA chapter 677. According to the ZBA, the time at which it voted to deny the special exception is irrelevant because RSA 677:2 as amended excludes the date of the ZBA vote in calculating the thirty-day period. The ZBA highlights Cardinal's failure to point to any ZBA procedural rule allowing filing by fax. The ZBA further cautions that, if Cardinal is correct that it had until 11:59 p.m. to file its motion, then future parties could simply "file" motions by leaning them against the town hall.

██ A timely motion for rehearing is a precondition to appealing a ZBA decision to the superior court. RSA 677:3, I; *Ireland v. Town of Candia*, 151 N.H. 69, 70 (2004). Thus, compliance with the deadline is a necessary prerequisite to establishing jurisdiction and failure to timely move for rehearing divests the superior court of subject matter jurisdiction. *See* RSA 677:3, I; *Pelletier v. City of Manchester*, 150 N.H. 687, 690 (2004); *Dermody v. Town of Gilford*, 137 N.H. 294, 296 (1993).

The ZBA has not itself addressed by procedural rule whether facsimile is an appropriate method of filing a motion for rehearing or whether such a motion could be filed after the ZBA's office has closed for business. However, RSA 677:2 provides, in pertinent part:

> Within 30 days after any order or decision of the zoning board of adjustment . . . any party to the action or proceedings . . . may apply for a rehearing in respect to any matter determined in the

action or proceeding, or covered or included in the order, specifying in the motion for rehearing the ground therefor; and the board of adjustment . . . may grant such rehearing if in its opinion good reason therefor is stated in the motion. This 30-day time period shall be counted in calendar days beginning with the date following the date upon which the board voted to approve or disapprove the application in accordance with RSA 21:35 . . . .

RSA 677:2.

RSA 677:3 provides, in pertinent part:

I. . . . No appeal from any order or decision of the zoning board of adjustment . . . shall be taken unless the appellant shall have made application for rehearing as provided in RSA 677:2 . . . .

II. Upon the filing of a motion for a rehearing, the board of adjustment . . . shall within 30 days either grant or deny the application, or suspend the order or decision complained of pending further consideration.

RSA 677:3.

Whether, pursuant to the quoted provisions above, a party has timely moved for reconsideration by faxing that motion to the ZBA after the close of business on the final day for filing presents issues of statutory interpretation regarding both the timing and method of moving for rehearing. The interpretation and application of a statute is a question of law, which we review *de novo*. *Upton v. Town of Hopkinton*, 157 N.H. 115, 118 (2008). "In matters of statutory interpretation, we are the final arbiters of the legislature's intent as expressed in the words of the statute considered as a whole." *Id.* "When examining the language of a statute, we ascribe the plain and ordinary meaning to the words used." *Id.* at 118-19. "We interpret legislative intent from the statute as written and will not consider what the legislature might have said or add language that the legislature did not see fit to include." *Id.* at 119.

We begin our analysis by noting that RSA chapter 677 is silent regarding whether a motion for rehearing may be received by facsimile and whether, to be timely, such a motion must be filed before the ZBA office is closed for business. Neither party has directed our attention to legislative history shedding light upon those questions and our own research has likewise revealed none.

When counting the beginning and end of the thirty-day period, we have previously found the wording of RSA 677:2 unambiguous. *See Pelletier*, 150 N.H. at 689; *see also Ireland*, 151 N.H. at 70. We believe that the statutory

appellate process in RSA 677:2 and :3 remains clear, in that a party must "apply for a rehearing," RSA 677:2, by "filing" a "motion for rehearing" with the appropriate authority in order to perfect an appeal, RSA 677:3, II.

■ Although the statute does not specifically state that the window for applying for rehearing closes when the ZBA closes for business on the thirtieth day, such a requirement is a matter of common sense absent any ZBA procedural rule allowing after-hours filing. *Cf.* RSA 21:2 (2000) ("Words and phrases shall be construed according to the common and approved usage of the language . . . ."). It bears emphasizing that we have required punctilious compliance with the filing requirements of RSA chapter 677. *See, e.g., Pelletier*, 150 N.H. at 688-89 (holding that motion filed March 10, 2003, was outside of thirty-day time period which ended March 7, 2003); *Dermody*, 137 N.H. at 296 ("One day's delay may be fatal to a party's appeal."); *see also Atwater v. Town of Plainfield*, 156 N.H. 265, 267 (2007) (noting that strict compliance with thirty-day filing deadline of RSA 677:15, I, is required to vest jurisdiction in superior court).

■ Additionally, our cases hold, in other contexts, that the completed act of "filing" includes physical receipt of the document by the relevant authority before the close of business. For example, in *Claveau v. Stark*, 109 N.H. 149, 150 (1968), we held that tendering a filing fee prior to 5:00 p.m. did not satisfy the act of "filing" a declaration for candidacy. Additionally, we have previously held "that [an] action was time-barred because '[t]he writ was not served upon the defendant, nor *filed with the court prior to* the expiration of the statute of limitations.' " *Chesley v. Harvey Indus.*, 157 N.H. 211, 214-15 (2008) (quoting *Donnelly v. Eastman*, 149 N.H. 631, 632 (2003)) (emphasis added).

Ample authority extrinsic to RSA chapter 677 supports this construction. *See* BLACK'S LAW DICTIONARY 660 (8th ed. 2004) (defining "file" as "[t]o deliver a legal document to the court clerk or record custodian for placement into the official record"); *see also Phinney v. Bank of Southwest National Ass'n, Houston*, 335 F.2d 266, 268 (5th Cir. 1964) ("The filing of a paper takes place upon the delivery of it to the officer at his office."); *Milton v. United States*, 105 F.2d 253, 255 (5th Cir. 1939) (the word "filed" has "a long established and well understood meaning," requiring the "depositing of the instrument with the custodian for the purpose of being filed"); *In re Gubelman*, 10 F.2d 926, 929 (2d Cir. 1925) (holding that petition was filed, not on day when presented to district judge, but following day when filed in clerk's office), *modified on other grounds by Latzko v. Equitable Trust Co. of New York*, 275 U.S. 254 (1927); *Marzec v. City and County of Honolulu-Real Prop. Tax Div.*, No. 28287, 2008 WL 3919855, at *2 (Haw. Ct. App. August 27, 2008) (concluding that facsimile transmission of a notice of

appeal was not a valid filing); *City of Overland Park v. Nikias*, 498 P.2d 56, 59 (Kan. 1972) ("The word 'file' contemplates the deposit of a writing with the proper official."); *Holman v. Chevaillier*, 14 Tex. 337, 339 (1855) ("[W]here the law requires or authorizes a party to file [a paper], it simply means that he shall place it in the official custody of the Clerk.").

Cardinal's motion for rehearing was not received by ZBA officials until the following day, February 6, 2007, and, thus, was not "filed" within the thirty-day period of RSA 677:2. *Cf. Mountain Home Beagle Media v. Unemployment Comp. Bd. of Review*, 955 A.2d 484, 486 (Pa. Commw. Ct. 2008) (holding, under Pennsylvania facsimile-filing law, that date of filing is date acknowledged by representative of relevant authority and not the date of transmission of fax). *But see Antoine v. McDonald's Restaurant*, 734 So. 2d 1257, 1259 (La. Ct. App. 1999) (construing Louisiana statute to mean facsimile filing complete for purposes of prescription upon receipt of transmission in clerk's office).

█ We note that our holding does not prevent zoning boards of adjustment from adopting rules permitting after-hours filing. *See* RSA 676:1 (2008) (concerning adoption of rules of procedure for method of doing business); *Love v. College Level Assessment Services*, 928 S.W.2d 36, 38 (Tenn. 1996) (discussing policy considerations related to filing by facsimile).

Cardinal alternatively claims that the ZBA is equitably estopped from asserting the untimeliness of its motion for rehearing. The ZBA disputes the claim of equitable estoppel because Cardinal has failed to show that it was reasonably induced by the assistant to file the motion by fax to be timely, that the assistant had the authority to accept the filing by fax, that the assistant made a false representation to Cardinal, or that Cardinal was ignorant of the truth of the matter.

█ We will assume, without deciding, that subject matter jurisdiction could be conferred upon the superior court by the application of the doctrine of equitable estoppel. *But cf. Smith v. N.H. Bd. of Psychologists*, 138 N.H. 548, 551 (1994) (subject matter jurisdiction cannot be conferred by consent of parties). Existence of estoppel is a question of fact. *Appeal of Stanton*, 147 N.H. 724, 730 (2002). "We will uphold the trial court's decision [regarding estoppel] . . . unless it is not supported by the evidence or is legally erroneous." *Thomas v. Town of Hooksett*, 153 N.H. 717, 721 (2006) (quotation omitted). Cardinal bears the burden of proving estoppel by establishing:

(1) a representation or concealment of material facts was made by the [ZBA] with knowledge of those facts; (2) [Cardinal was] unaware of the truth of the matter; (3) the representation was

made with the intention of inducing [Cardinal] to rely upon it; and (4) [it] reasonably relied upon the representation to [its] detriment.

*Phetteplace v. Town of Lyme*, 144 N.H. 621, 622-23 (2000).

■ The trial court did not specifically articulate which of these four prongs Cardinal failed to satisfy. However, the trial court's ruling is supported by the record. There was no evidence that the assistant had the authority to either accept a filing on behalf of the ZBA after the close of business on February 5, 2007, or to waive the thirty-day period in RSA chapter 677 for moving for rehearing. Even assuming that the assistant assured Cardinal's counsel that the post-5:00 p.m. fax would be retrieved later in the evening, a municipal agent's unauthorized conduct cannot estop the municipality, *see Sinclair v. Town of Bow*, 125 N.H. 388, 391-92 (1984), and Cardinal's counsel could not reasonably rely upon the assistant's assurance. *See City of Concord v. Tompkins*, 124 N.H. 463, 468 (1984) (holding that reliance upon representation must be reasonable and that reliance is unreasonable when party knew or should have known that the conduct was either improper, materially incorrect, or misleading).

Accordingly, we affirm the dismissal of Cardinal's ZBA appeal for lack of subject matter jurisdiction.

*Affirmed.*

BRODERICK, C.J., and DALIANIS, DUGGAN and GALWAY, JJ., concurred.