NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by email at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: https://www.courts.nh.gov/our-courts/supreme-court

THE SUPREME COURT OF NEW HAMPSHIRE

_____

Sullivan
No. 2022-0309

BRADLEY M. WEISS & a.

v.

TOWN OF SUNAPEE

Argued: February 23, 2023
Opinion Issued: August 23, 2023

Schuster, Buttrey & Wing, P.A., of Lebanon (Barry C. Schuster on the brief and orally), for the plaintiffs.

Mitchell Municipal Group, P.A., of Laconia (Laura Spector-Morgan on the brief and orally), for the defendant.

MACDONALD, C.J. The plaintiffs, Bradley M. Weiss and Cathleen A. Shea, appeal an order of the Superior Court (Tucker, J.) granting the motion to dismiss filed by the defendant, Town of Sunapee (Town). The trial court determined that, because the plaintiffs failed to request a second rehearing from the Town's Zoning Board of Adjustment (ZBA), the court did not have subject matter jurisdiction over their appeal. We reverse and remand.

# I

The following facts are supported by the record. The plaintiffs sought a variance for an "east side setback" for their residence in Sunapee. On April 1, 2021, the ZBA held a hearing on the application. The hearing was held remotely, consistent with then-existing COVID-19 pandemic-related protocols. The ZBA voted 3-2 to deny the application. Members who voted against granting the variance cited insufficient evidence of unnecessary hardship and found the variance would not be in keeping with the spirit of the ordinance. They also expressed concern about health and safety issues if the variance were to be granted. The ZBA did not issue a written decision confirming the action taken at the April 1, 2021 hearing until August 3, 2021, which the Town concedes was "not . . . timely." It is undisputed that the ZBA approved the minutes of the April 1 meeting on May 25, 2021.

On April 27, 2021, the plaintiffs filed a timely motion for rehearing, seeking review of the April 1 decision, which the ZBA granted. In the motion, the plaintiffs asserted that their evidence "demonstrated that granting the variance would do substantial justice, improve property values and be in the public interest." They argued that the ZBA's decision "made passing reference to the 'spirit of the ordinance' but primarily focused on the 'hardship' criterion" and that its decision was "in error because the application does observe the spirit of the ordinance and satisfies the hardship criterion."

On June 17, 2021, the ZBA conducted a rehearing and again voted to deny the variance. The ZBA members found there was a lack of proof that the variance was not contrary to the public interest and reiterated their previous rationale that the variance would not be in keeping with the spirit of the ordinance and that there was insufficient evidence of unnecessary hardship. The ZBA issued its written decision from the June 17, 2021 rehearing on June 25, 2021.

The plaintiffs appealed to the superior court. In their complaint, the plaintiffs asserted that, during deliberation at the April 1 meeting, "some board members explained that the basis for the ruling was that the application failed to satisfy the criteria for 'hardship,' 'spirit of the ordinance' and 'public interest,'" and that, at the June rehearing, "the board again denied the variance relying on the same criteria, namely 'hardship,' 'spirit of the ordinance' and 'public interest.'" Thus, the plaintiffs asserted, the ZBA's decision "denied the variance application on the same grounds as it had previously and no further motion for rehearing was required," but, "[t]o the extent that the board may claim that any new issues arose," they sought "for good cause to have such issues consolidated" in the appeal.

The Town moved to dismiss, arguing that because "new issues were raised by the board in its second denial," and "a second motion for rehearing is

a jurisdictional prerequisite to filing an appeal with the superior court," the court lacked jurisdiction over the appeal and could not "grant any request to add additional grounds to the appeal." The trial court agreed with the Town, concluding that "a second motion for rehearing was required" and, in its absence, the court "[did] not have subject matter jurisdiction over the appeal." The plaintiffs moved for reconsideration, which the trial court denied. This appeal followed.

II

Whether the plaintiffs were required to file a second motion for rehearing to perfect their appeal to superior court is controlled by statute. McDonald v. Town of Effingham Zoning Bd. of Adjustment, 152 N.H. 171, 174 (2005). We review the superior court's interpretation of the applicable statute de novo. Id. We look first to the language of the statute itself and, if possible, construe that language according to its plain and ordinary meaning. Anderson v. Robitaille, 172 N.H. 20, 22 (2019). We give effect to every word of a statute whenever possible and will not consider what the legislature might have said or add language that the legislature did not see fit to include. In re J.P., 173 N.H. 453, 460 (2020).

RSA 677:3 provides:

No appeal from any order or decision of the zoning board of adjustment, a board of appeals, or the local legislative body shall be taken unless the appellant shall have made application for rehearing as provided in RSA 677:2; and, when such application shall have been made, no ground not set forth in the application shall be urged, relied on, or given any consideration by a court unless the court for good cause shown shall allow the appellant to specify additional grounds.

RSA 677:3, I (2016). Thus, in order to perfect an appeal to the superior court, the statute requires that the appellant first move for rehearing with the ZBA within 30 days after the ZBA's decision. See RSA 677:2 (2016). That requirement, once met, vests the superior court with subject matter jurisdiction over the appeal. However, in such an appeal, "no ground not set forth in the application" for rehearing "shall be urged, relied on, or given any consideration by a court unless the court for good cause shown shall allow the appellant to specify additional grounds." RSA 677:3, I. By this plain language, the appellant is thereby limited in its appeal to the grounds set forth in the motion for rehearing unless good cause is shown why the court should allow additional grounds.

As we explained in Dziama v. City of Portsmouth, when the bases for aggrievement change following a ZBA's decision on rehearing, a new motion for

3

rehearing raising such new issues is required before an appeal to the superior court challenging those new bases may be made. Dziama v. City of Portsmouth, 140 N.H. 542, 545 (1995). Otherwise, the court is limited to consideration of the errors alleged in the first rehearing motion. Id. Thus, in the absence of a second motion for rehearing allowing the ZBA the first opportunity to pass upon any alleged errors in its decision, the plaintiff has not preserved the new issues for appellate review. Id.

As applicable here, following the ZBA's April 1 decision, the plaintiffs timely moved for rehearing based on two grounds set forth in the decision — the ZBA's findings that there was insufficient evidence of unnecessary hardship and that the variance would not be in keeping with the spirit of the ordinance. Accordingly, the superior court has jurisdiction over the appeal and may review those issues on appeal. See id. The court's review is limited, however, to the grounds set forth in the first motion for rehearing, see id., unless for good cause shown the court allows the plaintiffs to specify additional grounds. See RSA 677:3, I.

The plaintiffs argue that they demonstrated good cause, alleging, inter alia, that when the ZBA denied their variance request on rehearing on June 17, 2021, they "were faced with a dilemma." They contend that there was no written decision from the ZBA's April 1 meeting available to them, and that they were "relying on their notes and recollections from" the April meeting. The plaintiffs state that they "knew that the zoning board engaged in a discussion of hardship and how health and safety might be affected by granting the variance." They also allege that "[a]s of early July 2021" the ZBA "had still not issued a written decision for its April 1st vote," and the written decision from the June 17 hearing "was never provided to the plaintiffs until they received the Certified Record." Because the trial court dismissed their appeal for lack of subject matter jurisdiction, however, it did not consider whether the plaintiffs had shown good cause to specify additional grounds.

We hold that, pursuant to RSA 677:3, the plaintiffs perfected their appeal to the superior court from the ZBA's April 1 denial by timely moving for rehearing. Accordingly, we reverse the trial court's ruling that it lacked subject matter jurisdiction over the plaintiffs' appeal and remand for further proceedings consistent with this decision, including whether for good cause shown the plaintiffs should be allowed to specify additional grounds. See RSA 677:3, I.

Reversed and remanded.

HICKS, BASSETT, and DONOVAN, JJ., concurred; HANTZ MARCONI, J., concurred in part and dissented in part.

4

HANTZ MARCONI, J., concurring in part and dissenting in part. I agree with the majority that, because the plaintiffs timely moved for rehearing, the superior court has jurisdiction over the appeal. However, under the circumstances presented here where, due to the untimeliness of the ZBA's written decision from the April 1, 2021 hearing, there was no opportunity for the plaintiffs to verify or compare the official written decisions of the ZBA, I would hold that no second motion for rehearing was necessary and I would find good cause as a matter of law.