447 P.2d 276

**John H. BROWN, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona and Crinklaw Drilling Company, Respondents.**

**No. I CA–IC 202.**

Court of Appeals of Arizona.

Nov. 25, 1968.

Rehearing Denied Jan. 2, 1969.

Review Denied Jan. 28, 1969.

Charles M. Wilmer, Phoenix, for petitioner.

Robert D. Steckner, Phoenix, chief counsel, by Donald L. Cross, Phoenix, for respondents.

STEVENS, Judge.

The issue presented to this Court is whether an adverse Industrial Commission ruling on rehearing can be res judicata where the ruling merely denies the rehearing and does not expressly reaffirm an earlier award denying compensation.

■ The petitioner urges that he sustained two industrial injuries while working for the same employer, one on 20 February, 1952 and the other on 6 April, 1952. It is the 6 April injury which is now in question. A separate claim with reference to each injury was presented to The Industrial Commission on the same date and the claims were processed by The Industrial Commission under the same claim number. We approve of this procedure. In our opinion no useful purpose will be served by a detailed chronology or a detailed discussion of the basis of the two claims.

On 15 July, 1952 the Commission issued its findings and award. This document found that the petitioner "did not sustain a personal injury by accident arising out of and in the course of his employment on or about February, 1952". The award determined that the petitioner "take nothing * * * by reason of his alleged personal injury." This document was silent as to the claim of the April 1952 injury. The matter was further processed before The Industrial Commission and on 25 November, 1952, the Commission entered its "Decision Upon Rehearing". Findings one and three are as follows:

"1. That said applicant did not sustain a personal injury by accident arising out of and in the course of his employment on or about February 20, 1952."

"3. That this Commission finds that said applicant did not sustain an injury by accident on April 6, 1952."

The Commission entered its order in part as follows:

"NOW, THEREFORE, IT IS ORDERED that the Findings and Award for Non-Compensable Cases entered herein on the 15th day of July, 1952, be, and the same is hereby affirmed.

"IT IS FURTHER ORDERED that this Commission denies any liability for said alleged injury by accident of April 6, 1952."

This action by the Commission was met by a timely motion for rehearing. The motion contested the validity of all of the findings and expressly urged that the petitioner's injury of 6 April, 1952 was one covered by industrial compensation. The motion was not a routine motion, but was a seven-page document prepared by an attorney well versed in Industrial Commission matters.

In due time and after further administrative procedures The Industrial Commission issued its second decision upon rehearing. This document was dated 30 March, 1953. The language contained in this document is the basis of the contentions now before us. We quote the same in part as follows:

"NOW, THEREFORE, IT IS ORDERED that the Findings and Award for Non-Compensable Cases entered herein on the 15th day of July, 1952, be, and the same is hereby affirmed.

"IT IS FURTHER ORDERED that said applicant take nothing by reason of his Motion for Rehearing in the matter nor by reason of rehearing held."

This Commission action was allowed to become final without the filing of a petition for a writ of certiorari.

■ On 17 July, 1967 petitioner filed a petition and application for readjustments and reopening of claim. This document related his then physical condition back to the February 1952 accident. The Industrial Commission denied the petition for lack of jurisdiction, the earlier award having held that the claim based upon the February 1952 injury was non-compensable. On further timely application the petitioner raised the issue as to whether the 30 March, 1953 second decision was res judicata as to the April 1952 injury. It was urged before the Commission and it is urged in this Court that the 30 March, 1953 second decision can not be res judicata as to the April 1952 injury and that The Industrial Commission file with reference to the injury remains open without a final adjudication as to that injury. This position is urged because the second decision dated 30 March, 1953 did not expressly

mention and did not expressly rule upon the April 1952 injury nor did it expressly reaffirm the 25 November, 1952 award whereas the document did expressly mention and rule upon the February 1952 injury in that it reaffirmed the 15 July, 1952 award. We are not able to agree that the legal affect of the 30 March, 1953 action is as contended by the petitioner and we answer the question set forth at the outset of this opinion in the affirmative, that is, that a ruling on a motion for rehearing can be res judicata.

In our opinion it would be preferable had the second decision dated 30 March, 1953 expressly referred to both of the claimed injuries or had referred to awards which denied recovery. In our opinion the file discloses that the February 1952 and the April 1952 injuries were both placed in issue by the motion for rehearing filed after the 25 November, 1952 decision and that the merits of the contentions that both were industrially related were fully explored and decided adversely to the petitioner.

In Zagar v. Industrial Commission, 40 Ariz. 479, p. 485, 14 P.2d 472, p. 474, (1932) our Supreme Court stated:

" * * * The Commission in making an award acts in a judicial capacity * * and its judgment upon the facts developed in the original hearing and award is *res judicata* upon such facts.

An unreversed award must be treated as full compensation, and, unless subsequent thereto, new ailments and new disabilities flowing from the injury are shown the award is final."

*Zagar* was cited in an annotation found in 122 A.L.R. at page 550. We approve of the following statement found at page 557 of the annotation:

"The primary rule with respect to the effect upon the application of the principles of res judicata to decisions under workmen's compensation acts, of the kind of statute illustrated in the preceding subdivision, is that a compensation award is an adjudication as to the condition of the injured workman at the time it is entered, and conclusive of all matters adjudicable at the time, but is not an adjudication as to the claimant's future condition and does not preclude subsequent awards or subsequent modifications of the original award upon a showing that the employee's physical condition has changed." See also Wilson v. Wilson, 1 Ariz.App. 77, 399 P.2d 698 (1965).

The decision of 25 November, 1952 as confirmed by the decision of 30 March, 1953 was res judicata.

Affirmed.

CAMERON, C. J., and DONOFRIO, J., concur.