NOTICE

*The text of this opinion can be corrected before the opinion is published in the Pacific Reporter. Readers are encouraged to bring typographical or other formal errors to the attention of the Clerk of the Appellate Courts:*

*303 K Street, Anchorage, Alaska 99501*
*Fax: (907) 264-0878*
*E-mail: corrections@akcourts.us*

# IN THE COURT OF APPEALS OF THE STATE OF ALASKA

| | |
|---|---|
| STATE OF ALASKA,<br><br>     Petitioner,<br><br>  v.<br><br>PETER G. NICORI and<br>WINIFRED OLICK,<br><br>     Respondents. | Court of Appeals Nos. A-12866, A-12875,<br>& A-12886<br>Trial Court Nos. 4BE-16-547 CR<br>& 4BE-16-749 CR<br><br>O P I N I O N<br><br>No. 2573 — November 3, 2017 |

Petition for Review from the Superior Court, Fourth Judicial District, Bethel, Dwayne W. McConnell, Judge.

Appearances: Elizabeth T. Burke, Assistant Attorney General, Office of Criminal Appeals, Anchorage, and Jahna Lindemuth, Attorney General, Juneau, for the Petitioner. Laurence Blakely, Assistant Public Defender, and Quinlan Steiner, Public Defender, Anchorage, for Respondent Nicori. No appearance for Respondent Olick.

Before: Mannheimer, Chief Judge, Allard, Judge, and Suddock, Superior Court Judge.[*]

Judge MANNHEIMER.

---

[*] Sitting by assignment made pursuant to Article IV, Section 16 of the Alaska Constitution and Administrative Rule 24(d).

The State of Alaska has petitioned this Court to review and reverse two decisions of the superior court: (1) the court's decision to require the prosecuting attorney to attend and testify at an evidentiary hearing to investigate whether the current criminal charges against Peter G. Nicori and Winifred Olick are the result of actual prosecutorial vindictiveness, and (2) the court's refusal to allow the State to seek reconsideration of this decision.

Respondent Peter Nicori has filed a cross-petition (File No. A-12886) in which he asserts that he has already presented a *prima facie* case of the *appearance* of prosecutorial vindictiveness, and that the superior court should therefore be placing the burden on the State to affirmatively disprove this charge of vindictiveness.

For the reasons explained in this opinion, we GRANT the State's petition on the *second* question presented by the State. We hold that the superior court should have allowed the State to seek reconsideration of the court's decision to hold the evidentiary hearing and to require the prosecutor to testify.

Because we are directing the superior court to allow the State to pursue its motion for reconsideration, we need not reach the first question presented in the State's petition — because, now that a motion for reconsideration is pending, the superior court has not yet issued a final order on the question of whether to require the prosecutor to testify at the evidentiary hearing.

With regard to the question presented in Nicori's cross-petition, the cross-petition is DENIED.

*The procedural history of this litigation*

The controversy in this case arose when the State re-indicted Nicori and Olick on more serious charges the day after the two defendants filed a request for

discovery. The defendants then filed a motion asserting that the timing of the re-indictment created the appearance of prosecutorial vindictiveness.

The superior court initially found that the defendants had set forth a *prima facie* case of vindictive prosecution, and the court therefore scheduled an evidentiary hearing to give the State an opportunity to affirmatively rebut this presumed vindictiveness.

After the defense subpoenaed the prosecuting attorney to testify at this hearing, the State asked the superior court to reconsider its decision, and the court granted the State's request. On reconsideration, the court reversed itself and declared that the facts did not give rise to the appearance of prosecutorial vindictiveness.

But the court then ruled (apparently *sua sponte*) that the defendants were still entitled to subpoena the prosecutor to testify at the evidentiary hearing, so that the defendants could interrogate the prosecutor regarding whether the re-indictment was the product of actual vindictiveness — a claim that the defendants had not raised.

After receiving the superior court's decision on reconsideration, the State filed a second motion for reconsideration, asking the superior court to reconsider its latest decision. But rather than reaching the merits of the State's arguments, the superior court ruled that the State was barred from filing another request for reconsideration.

*Why we direct the superior court to let the State pursue its second motion for reconsideration*

There is no Alaska case that directly addresses the question of whether a party can ask a court to reconsider a decision or order issued in response to an earlier request for rehearing or reconsideration.

But though there is no published Alaska decision resolving this point, many other states have ruled that a litigant is allowed — indeed, is often required — to file a second petition for rehearing when the litigant believes that a decision on rehearing is flawed.[1] Based on this case law, and based on the policy of giving trial courts a full opportunity to consider and correct errors before any appeal, we conclude that parties have the right to seek rehearing or reconsideration of a decision issued by a court on rehearing or reconsideration, if the second request for rehearing or recon-

---

[1]  *See Brickell Place Condominium Ass'n v. American Design and Development Corp.*, 470 So.2d 74, 75 n. 1 (Fla. App. 1985) (declaring that if the litigant believed the court's first decision on rehearing was flawed, the litigant "could have sought rehearing of our decision on rehearing"); *Consumers' Company v. Public Utilities Comm'n*, 236 P. 732, 732-33 (Idaho 1925); *Moncla v. City of Lafayette*, 241 So.2d 532 (La. 1970) (holding that the litigant was foreclosed because he failed to seek rehearing of the lower court's decision on rehearing); *Succession of Moody*, 149 So.2d 719, 723 (La. App. 1962) (entertaining a petition to rehear a decision on rehearing); *Dziama v. City of Portsmouth*, 669 A.2d 217, 219 (N.H. 1995); *Carter v. Industrial Comm'n*, 290 P. 776, 784 (Utah 1930) ("[W]hen [the commission] granted the first rehearing [and] set aside and vacated its [initial] order or judgment ... , the [ensuing order on] rehearing ... in effect ... became a new ... order or judgment superseding the former, which gave the defeated or aggrieved party the same right to move against it as he had to move against the displaced former order or judgment."); *Denmark v. Liberty Life Assurance Co.*, 566 F.3d 1 (1st Cir. 2009); *United States v. Garcia-Lagunas*, 645 Fed. Appx. 271 (4th Cir. 2016).

*See also Brown v. Industrial Comm'n*, 447 P.2d 276, 276 (Ariz. App. 1968) (reviewing, without comment, the commission's second decision on rehearing — *i.e.*, a decision rendered on a petition for rehearing seeking review of its first decision on rehearing); *Goodrich v. Industrial Accident Comm'n*, 140 P.2d 405, 409 (Cal. 1943) (holding that the commission had the authority to entertain a second petition for rehearing when its decision on rehearing rested on new evidence or new grounds).

*But see Weinhagen v. Hayes*, 187 N.W. 756, 756 (Wis. 1921) (holding that a litigant is not allowed to seek rehearing of a decision on rehearing).

sideration is addressed to problems that are newly arisen because of the court's decision on rehearing or reconsideration.

Here, the issues addressed in the State's second motion for reconsideration are newly arisen because of the superior court's ruling on the State's first motion. Thus, the superior court committed procedural error when it refused to allow the State to seek reconsideration of that ruling.

We express no opinion on the merits of the State's second motion for reconsideration. We hold only that the State is entitled to pursue that motion.

We do not retain jurisdiction of this case.